CAUTHEN *et al. vs.* THE CENTRAL GEORGIA BANK *et al.*

1. Where a consent order was passed in term time allowing the judge to hear a cause at chambers, during the session of the superior court of another county, and during such session another order was taken extending the time, but naming the same place, to hear the cause at another place than that specified in the order, was illegal, and the same having been heard over objections of counsel for one party, a reversal will result.

(*a.*) The legality of the order allowing the case to be heard in vacation by the judge, in another county than that where the case was pending, is not decided.

2. Where several parties were sued on a note—one as principal and the others as endorsers—there was no error in allowing them to adjust their rights and liabilities among themselves as sureties or endorsers, and to introduce parol testimony for that purpose, if the plaintiff was not delayed thereby. 1 *Ga.* 200, 547; 62 *Ib.*, 85; 65 *Ib.*, 673.

3. Where contracts are not contrary to law, the courts are bound to enforce them as made. Therefore, in 1879, a note having provided that if it were not paid at maturity it should bear interest at the rate of twelve per cent., in a suit on such a note, a judgment for such agreed interest was right.

November 21, 1882.

CRAWFORD, Justice.

[The Central Georgia Bank brought suit on a promissory note against Thos. L. Cauthen, as principal, and John Cauthen and A. Stafford, as endorsers. John Cauthen pleaded, among other things, that he was a mere co-security with Stafford, and offered to contribute one-half towards the payment of the debt. Stafford, on the other hand, pleaded that John Cauthen was really a co-principal with Thos. L. Cauthen, and that he (Stafford) alone signed as security. On the trial, evidence was introduced in support of these pleas, which was very conflicting. The judge, to whom the case was submitted without a jury,

v 69—47

held T. L. and John Cauthen liable as principals and Stafford as endorser, and entered judgment in favor of plaintiff accordingly.    This formed one ground of exception.

This case, standing for trial at the regular term of Pike superior court, was, by consent order, set for hearing before the presiding judge at Griffin, Spalding county, at a given time.    At that place, on May 3, 1882, an order was passed continuing the hearing until the 19th of that month, or such other time as might be agreed upon by the parties and approved by the court, and again naming Griffin as the place of hearing.    On the 19th of May, the judge appeared at Barnesville, Pike county, called the case for trial, overruled objections thereto, and proceeded to try the case.    Error was assigned upon this ruling.

The note in suit provided that, if not paid at maturity, it should bear twelve per cent. interest.    It was dated in 1879.    The court rendered judgment for interest at that per cent.]