DANIEL *vs.* GIBSON.

72  367
87  134

[Blandford. Justice, did not preside in this case.]

1. Where a contract specifies a rate of interest, which is not beyond the per cent which the parties may legally contract for, if a judgment is rendered on such contract, it bears interest at the contract rate, and not at the rate which all contracts carry if no rate be stipulated therein. This has been ruled in 69 *Ga.*, 733, by a full bench, and two justices could not reverse it.

2. Were this an open question, under the statute law of this state, a judgment bears interest on the principal debt at the same rate as that borne by the contract upon which such judgment may be obtained.

(a.) The doctrine of merging of the contract into the judgment, which becomes a new debt of record, in the nature of a new contract, which bears the general rate of interest provided by law, in the absence of a stipulated rate, does not apply in Georgia.

May 13, 1884.

Interest and Usury. Judgments. Merger. Before Judge CLARKE. Talbot Superior Court. September Term, 1883.

On February 16, 1875, W. A. Daniel gave T. N. Gibson his note, as follows:

"By the twenty-fifth day of December next, I promise to pay Thomas N. Gibson, or bearer, $1,166.62 for value received, with interest at the rate of 15 per cent from the twenty-fifth of December next, if not punctually paid. This February 16, 1875."

Suit was brought on the note to the March term, 1877, of Talbot superior court; judgment was rendered at the September term, 1877, for the principal sum sued for, with interest at fifteen per cent up to judgment, and costs. The judgment did not state what rate of interest it should bear. At the September term, 1883, Gibson filed his petition, in which he set out these facts, and prayed that the judgment and *fi. fa.* be amended so as to make the principal continue to bear interest at fifteen per cent after the date of the judgment. The court allowed the amendment, and defendant excepted.

R. M. WILLIS; W. S. WALLACE, for plaintiff in error.

J. M. MATHEWS, for defendant.

JACKSON, Chief Justice.

The sole question made by this record is this: Does a judgment bear interest at the rate specified in the contract before judgment, if that rate be not beyond the per cent which the parties may legally contract for, or does it only bear that interest which all contracts carry if there be no rate stipulated for in the contract?

At the time this contract was made, it was lawful for the parties to fix any rate of interest thereon, and fifteen per cent was agreed on. Code of 1873, §2051. Seven per cent was then, and is still, the lawful interest, if the rate be not changed by contract. Code of 1873, §2050. So that here the question is, does this judgment carry fifteen or seven per cent as its rate of interest?

1. The question is not open in this court. It was decided in *Cauthen vs. The Central Georgia Bank et al.*, reported in 69 *Ga.*, 733. In turning to the original record of that case, of file in this court, we find that this identical point was ruled. The question was, what rate of interest did the judgment bear? And this court—a unanimous bench of three justices—held that the judgment bore that rate which the contract before judgment stipulated. Two justices could not, if we were inclined to do so, review and reverse that principle so decided by a full bench. Code, §217.*

_____

*It will be seen that in the case in 69 *Ga.*, 733, the rate of interest borne up to judgment and that after judgment were not discussed separately by the justice who rendered the decision, but the rate of interest was held to be governed by contract. On turning to the original record, the note sued on in that case appears as follows:

"On December 15, after date, I promise to pay to the order of John Cauthen and A. Stafford three hundred dollars for value received at Central Ga. Bank, Macon. If not paid at maturity, to bear interest at the rate of 12 per cent per annum.'' Dated Aug. 19, 1879.

The case, on both law and facts, was submitted to the court without a jury, and the judgment rendered was as follows:

" . . . It is considered, ordered and adjudged by the court now here that the

2. But we would not, if we could, because it is the law of this state by statute, and, of course, without regard to the decisions of other courts on the common law or law merchant, or on the statute law of other states, however high their authority, our own statute must control us.

Our Code declares that " all judgments in this state bear lawful interest upon the principal amount recovered." Code, §2054. What do the words, "lawful interest," mean? The section of. the Code is codified in. part from the act of 1845. Cobb's Digest, p. 393-4. The second section of that act, on page 394, declares that " any judgment hereafter rendered in any court of this state shall bear interest (so far as regards the principal debt) at the same rate as that borne by the contract upon which such judgment may be obtained." Therefore, the words, "lawful interest," in the Code mean interest at seven per cent, if the contract stipulates no other rate; but they mean the contract rate, if stipulated and within the lawful limit. In the case where no rate is agreed upon, seven per cent is the lawful interest meant by the Code; in cases where another rate is agreed upon by the contract sued on, the contract rate is the lawful interest in those cases, if not beyond the limit fixed by the statute of force when the contract was made. The act of 1845, in the first section, in effect reduced the rate from 8 to 7 per cent; and it may be that the 2d section meant to provide only for judgments on prior contracts at 8 per cent; but the principle was established that contract-interest should be followed after judgment. And really the Georgia statute is very broad,

plaintiff, the Central Georgia Bank, do recover of T. L. Cauthen and John Cauthen, principals, and Alvis Stafford, endorser, the sum of two hundred and ninety-five 50-100 dollars, principal debt, the sum of eighty-three 50-100 dollars interest to this date, with interest on the principal sum from this date at the rate of twelve per cent per annum: and this judgment be entered on the minutes of the court, and *fi. fa.* issue accordingly."

To this judgment exception was taken. There were eight assignments of error, most of them being as to matters of practice. One ground was as follows: " Be-. cause the court erred in signing up a judgment bearing twelve per cent interest until paid, the same being contrary to law and largely in excess of the rate of interest fixed by statute to cover all judgments in this State."—(REP.)

and broadly construed, it is founded in good reason.   Shall a debtor, by failure to pay when his debt is due, and having to be sued to judgment, putting the creditor to the delay and fees of attorneys to sue it to judgment, lessen the interest, when his own *laches* brought about the necessity of the costs to his creditor?   The authorities on the general law rest on the idea that the judgment becomes a debt of record, a new debt, in the nature of a new contract, and hence the old contract is merged in the new, which the law makes, and that bears the interest which its maker, the general law, fixes; but the principle engrafted on our law, or our statute of 1845, makes the judgment part of the original contract, and the same contract rate of interest, the measure of damages for not paying the debt after maturity and after judgment, until paid.   Whether the reason be sound, or policy wise, however, it is, in our judgment, the law of Georgia, and as such our duty is to adjudicate and enforce it.

For the general current of authority, see 24 American R. pp. 52, 367, and for our own statute law when this contract was made, see Code of 1873, §§2050, 2051 ; act of 19th of February, 1873.   That act declares that the agreed rate of interest in " any bond, note, bill or other contract . . . shall be legal and valid to all intents and purposes, and it shall be the duty of the courts of this state to enforce such contracts," thus making, it would seem, the contract rate of interest the lawful interest in the case agreed on by contract.   If " legal and valid to all intents and purposes " do not mean " lawful," what do these words mean ?   They carry the contract rate into every intent and purpose, and thus into the judgment, and make that rate of interest the " lawful " rate declared in §2054 of the same Code of 1873, and also in the same section of the present Code.   The contract of the parties, when reduced to judgment, becomes, under our law, a contract of record (Code, §2716) ; and by the act of 1845, as well as that of 1873,

*supra*, the contract for interest at a certain rate becomes the contract of record in the form of a judgment.

But were we wrong in all this reasoning, we could not review and reverse, 69 *Ga.*, 733,—but two of us presiding; and the principle there ruled must control here, it having been pronounced by a full court.

Judgment affirmed.

Cited for plaintiff in error, acts of 1845, p. 36; Code of 1861, §§2022, 2027; Code of 1873, §2054; Code of 1882, §§2050, 2054; 22 How., 118; 9 Wend., 471; 6 Halsted, N. J., 113; 2 Beasly, 289; 3 Blackford, 457; 4 Johnson, Ch., 436; Law R., March 19, 1884, 368; Breese, 52.