# CASES DECIDED

# OCTOBER TERM, 1890.

SILVEY, administrator, *v.* McCOOL, administratrix.

1. Where a conveyance or a bond to convey designates a public highway as one of the boundaries of the tract, the instrument will generally be construed as comprehending the highway itself to the centre or middle thread.
2. No fraud being charged upon the vendor in pointing out the limits or describing the premises, nor any reason shown why the vendee could not, or did not, see for himself where the public road was or how it was related to the land for which he bargained, the same being enclosed by a fence and bounded on every side by a road or alley outside of the fence, there was no cause for reducing the price on account of the location of the road unless there was mutual mistake.
3. The plea alleging mutual mistake, upon which the case was tried, was wide enough to admit all the evidence necessary to show the difference, if any, between the tract bargained for and the one obtained, and their difference in value, if any; but the evidence adduced being silent as to any difference in value, the jury had no basis on which to allow any deduction whatever from the stipulated price.
4. The rate of interest specified in the contract being eight per cent. per annum, that rate ran after maturity as well as before.
5. Where a deed giving a description of the premises was used as the basis of a survey, and the witnesses so testify, the deed is admissible to enable the jury to understand and apply the oral evidence.
   October 8, 1890.

Boundaries. Construction. Vendor and purchaser. Mistake. Evidence. Interest. Deeds. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

Reported in the decision.

T. P. WESTMORELAND, for plaintiff in error.

R. J. JÓRDAN, L. W. THOMAS and REID & STEWART, *contra.*

BLECKLEY, Chief Justice.

1. The land sold by McCool to Bomar, as described in the bond for titles, was "all that tract or parcel of land situated, lying and being on the northwest side of the Macon R. R. and Newnan wagon road, running back northwest from a stake corner on said roads four hundred and twenty feet; thence west of south eight hundred and twenty-five feet to the original south line; thence east along the land line six hundred and ninety feet to the Newnan road; thence north of east along the road three hundred and fifty-five feet to the beginning corner, containing about seven and one half acres off of land lot 119, with all the rights, members and appurtenances of said lot of land in any way appertaining and belonging." This action is founded upon notes given for the purchase money. The tract was surrounded at the time of the sale, and still is, by fences, and by roads or alleys outside of the fences. But some of the evidence indicates that to obtain the measurement in feet expressed in the bond, the lines would be prolonged beyond the fence on the Newnan road so as to take in some of that road, as now used, and as it was used at the time of the sale and for many years previously. Other evidence indicates that the whole tract has been, or can be, measured off so as not to embrace any portion of the Newnan road proper, although that road, as used by the public, encroaches upon it. Let it be conceded, however, that the Newnan road occupies some of the front of the tract. It is certain that the measurement in feet requisite to conform to the bond would not extend beyond the middle thread of that road, except a little at or near one corner. This being so, and there being no evidence that the public

owns, or ever has claimed, more than an easement in the land occupied by this public road, the terms of the bond might well be construed to cover the fee of the road-bed up to the centre line, and thus, that there is no substantial variance between the actual tract as it has been measured out and the description of it con-tained in the bond. Where land is bounded by a high-way, if the public only have a right of way over the land and not a title to the soil, and the land is described as bounding on or running along the highway, or the like, the line is the centre of the highway; and in all cases of doubt, the presumption is in favor of the boun-dary being in the centre of the road. 2 Am. & Eng. Encl. of L. 507; 3 Washburn on Real Property (5th ed.), 448 *et seq.* We rather think that the proper construction of the bond for titles in the present case is, that it em-braces within its terms the fee over one half the breadth of the Newnan road on which it fronts, and there is no evidence in the record either showing how much the easement of the public lessens the value of the tract, if anything, or that the tract would be more valuable if the road were elsewhere. Neither is there any evidence tending to show that Bomar did not know that the road was in fact in the same situation relatively to the fences and the general body of the lot as it was, and as it still is. He saw, or could have seen, the exact loca-tion of the property. If he took possession of it, he must have accepted it in the state in which it then was, and still is. He has not been evicted from any part of it nor have his heirs or administrator, so far as appears, been subjected to any eviction since his death. It seems to us, therefore, that this litigation is really about nothing. It is not shown that the public has required any building to be removed, or any tree to be cut down or flower destroyed, or that the public has asserted any right to do this or to have it done. Indeed, there is no

evidence whatever as to the public right except the location and use of the Newnan road outside of the land as actually enclosed by fence.

2. The pleas stricken made no charge of actual fraud, and showed no reason why Bomar was not as well aware of the location of the Newnan road, and the situation of the property relatively to that road, as McCool; or how he was, or could be, misled as to whether the trees and flowers were in the road or out of it. It is not alleged that he was absent, or that for any other reason he failed or omitted to inspect the premises. Nothing is suggested to relieve him from the duty of assuring himself whether some of the land he was bargaining for lay in the road or out of it. He could see for himself how far it was from the centre of the road, as used, to the fence. And, indeed, the boundaries of the lot on every side were open and visible to his inspection. At least, nothing to the contrary is set up in these pleas.

3. The plea of mutual mistake, as left standing by the court, afforded ample room for admitting all evidence which any plea could have furnished room for to show how much less the tract obtained was worth than the one bargained for, if, indeed, there was any difference between the two. But no evidence on this subject was adduced. How, then, could the jury rightfully make any deduction from the purchase money notes on account of mistake? The defendant did not ask for a rescission, but only for a reduction or apportionment of the price. Yet, no evidence whatever was brought in by which to ascertain the amount which ought to be deducted. If, by reason of mistake, there was a false tract accepted in lieu of a true one purchased, the difference between the value of the two, apportioning such value by the purchase price, would be the deduction which ought to be made. *Smith* v. *Kirkpatrick*, 79 *Ga.* 410. The jury made a small deduction from the notes, but

how they arrived at the amount we do not know.  As
the case stood before them under the evidence, we think
their finding was, to this extent, an error against the
plaintiff below.  If we could order a new trial in his
favor, we should be inclined to do so; but this is not in
our power, as he does not complain.

4. The allowance of interest at eight per cent. was
correct, that being the contract rate expressed in the
notes.

5. There was no error in admitting the deed from
Gamage to McCool, that deed having been used by the
surveyors in running the lines, and they referring to it
in their testimony as a standard by which they were
guided in making the survey.  This testimony, or a
part of it, was introduced by the defendant, and the
deed was pertinent to enable the jury fully to under-
stand that part of the oral evidence.

There was no error in refusing a new trial.

*Judgment affirmed.*