CROCKETT v. MITCHELL.

1. A payment entered upon a promissory note by the maker operates as a new promise, and the statute of limitations runs from that time only. Code, §2935.
2. Where the administratrix is the sole distributee and heir at law of the intestate, letters of dismission from the administration will be no bar to sustaining an action by a creditor of the intestate against her as distributee and heir at law to subject assets of the estate still in her hands. This is certainly true since the passage of the uniformity procedure act of 1887. Code, §2531.
3. A note bearing a legal rate of conventional interest, extended by a new promise, continues to bear that rate against the maker, and after his decease, against the assets of his estate in the hands of his sole distributee and heir at law.
4. A judgment directing a verdict will not be reversed where the verdict directed is the necessary result of the evidence, the evidence being sufficient and not conflicting. *Judgment affirmed.*
   December 7, 1891.

Limitations. Promissory notes. Administrators. Creditors. Heirs at law. Interest. Verdict. Practice. Before Judge GAMBLE. Scriven superior court. May term, 1891.

An equitable proceeding was brought December 3, 1889, by Mrs. Mitchell, as administratrix of D. W. Mitchell, against Mrs. Crockett. The defendant's de-

murrer was overruled. Upon the close of the testimony the court directed a verdict in favor of the plaintiff for the balance claimed to be due on the note sued on. The defendant excepted for error in overruling the demurrer and in directing the verdict.

The petition alleged: P. R. Kittles in his lifetime executed to plaintiff a promissory note for $210.10, dated December 12, 1878, which note was for indebtedness of Kittles to D. W. Mitchell in his lifetime, and is now the property of the estate of the latter. Kittles while in life, December 6, 1882, indorsed on the note with his own hand a payment of $100 and then requested petitioner to sign the same, which she did as administratrix. On November 1, 1887, Kittles died intestate, leaving as his only heir the defendant who afterwards married Crockett. After the death of Kittles she took administration of his estate, and on March 16, 1889, obtained from the court of ordinary letters dismissory from the administration. After she had become administratrix of Kittles, petitioner turned the note over to her attorney to collect, but did not know it was of any importance to inform him that the indorsement on the note was written by Kittles, supposing at the time that any credit on a note made a new starting point for the statute of limitation. The attorney, not knowing that the payment had been indorsed on the note by Kittles, but supposing that it had been written by petitioner, regarded the note as barred on its face and therefore as no bar to the obtaining of letters dismissory, and made no objection thereto; otherwise petitioner by her attorney would have objected to the dismission until the note had been paid. After paying up all other indebtedness of Kittles and all the expenses of administration and the year's support allowed defendant from his estate, there is a large amount of real and personal property in the hands of defendant who,

being the only heir at law, never had dower assigned her, but even with dower taken from the realty there is a large amount of realty and personalty left in her hands, many times more than the amount due on the note, etc.

The demurrer was upon the grounds that under the. statements of the petition the plaintiff is not entitled to the relief prayed; she is estopped by the judgment of dismissal, and under the allegations is not entitled to have that judgment set aside; no sufficient cause has been shown for her laches: and she is barred by the statute of limitations.

Upon the trial the plaintiff introduced the note signed by Kittles, dated December 12, 1878, payable to her as administratrix, or bearer, and the indorsement upon it which was: "Received on within note $100, this December 6, 1882. M. E. Mitchell, admx." It was shown that this indorsement was written by Kittles when he made the payment and was then signed by Mrs. Mitchell at his request; that he died about November 1, 1885, leaving as his sole heir his widow, the defendant, who obtained letters of administration upon his estate on January 27, 1886, and letters dismissory on March 16, 1889; and that after the payment of the debts of the estate and expenses of administration she had received all the balance of the property of the estate, which was largely in excess of the amount of the debt sued on. No testimony was introduced by the defendant.

DELL & WADE, by brief, for plaintiff in error, cited Code, §§3126, 3121, 2548, 3094; 28 *Ga.* 117, 120; 70 *Ga.* 167, 794; 63 *Ga.* 494, 628; 22 *Ga.* 60; 23 *Ga.* 366; 15 *Ga.* 103.

W. HOBBY, by HARRISON & PEEPLES, cited Code, §§2934, 2935, 2606, 2531, 2534, 2467, 3152; 49 *Ga.* 441; 66 *Ga.* 531; 59 *Ga.* 529; 20 *Ga.* 147.