### McCRARY *v.* WOODARD, administrator.

Where several notes are given, payable at different times, with interest in-
cluded in each to maturity and a provision for eight per cent. interest after
maturity, with a stipulation that if any of the notes should not be paid at
maturity all should become due ; and where one of the notes is not paid
at maturity and suit is brought upon all the notes under this stipulation,
and judgment is rendered for the full amount of principal and interest
appearing on the face of the notes to be due at that time, the judgment not,
however, being rendered until after all of the notes have matured according
to their respective dates and at a time when all the interest included in each
has been earned, there is no usury in the transaction, and the judgment is
not for any reason erroneous.

Argued April 20,—Decided May 11, 1905.

Complaint.　　Before Judge Felton.　Crawford superior court.
March 21, 1904.

*M. G. Bayne,* for plaintiff in error.

COBB, J.　The plaintiff sued Gano upon five promissory notes
of different amounts, aggregating $744, each dated November 12,
1896, and bearing interest at 8% per annum from maturity, fall-
ing due on the 15th day November of each year, beginning in
1897.　　There was a stipulation that if any of the notes was not
paid at maturity all of them should become due.　The suit was
filed May 11, 1901.　　The defendant filed a plea that he received
in money $450 and also a horse and buggy of the agreed value of
$150; that therefore the total consideration of all the notes was
only $600, and that $144 was interest; that as a result of the
stipulation above referred to the suit was filed, but the last note
had not then become due, and that at the time the suit was
filed there was $33.78 interest which had not been earned,
and that this amount was included in the $144; that the transac-
tion was therefore usurious; and he prayed for a judgment declar-
ing that there was usury in the transaction, and that he be
allowed to set off the amount above referred to.　The case came
on for trial in 1904, after an amendment had been made to the
petition, in which it was alleged that all of the notes were then
past due.　The plaintiff admitted in open court that the consi-
deration of the notes was the sum of $600 at the date the notes
were made.　The court directed a verdict for the plaintiff for the
full amount of principal and interest appearing to be due on the

face of the notes.   To this ruling the defendant excepted, alleging that the court erred in holding that there was no usury in the transaction, and in refusing to allow the set-off claimed in the plea.    Pending the case in the Supreme Court, Gano died, and his administrator was made a party defendant in error in his stead.

There was no usury in the transaction.   It was lawful to include in each note the amount of interest which would be due at the date of its maturity and to provide that the sum represented by the principal and interest should bear interest from maturity. It was also lawful to provide that if any of the notes in the series should not be paid at maturity all should fall due.   There was nothing in this transaction to make it usurious.   The effect of the stipulation that all of the notes should fall due in the event one of them was not paid would prevent the plaintiff from recovering a sum greater than the amount loaned and 8% interest thereon to the date of judgment, and if judgment had been rendered before maturity of the last note, the defendant would have been entitled, under the facts set forth in his plea, to have the plaintiff's recovery of interest reduced by whatever amount of interest each of the notes contained which had not been earned at the time the judgment was rendered.   But as the judgment was not rendered until after all the notes fell due, and as the interest stipulated for in the notes had been at that time earned, there was no reason why the plaintiff should not have a judgment for the full amount of the principal which under the stipulation was due when the suit was brought, and the full amount of interest that was due at the time the judgment was rendered.   If the agreement between the parties had been that the plaintiff should be entitled to recover all of the interest represented by the $144, without reference to whether that amount had been earned at the time of the judgment, a different question would have been presented.    There was nothing in the transaction to indicate that it was the purpose of the parties to evade the usury laws, and there is nothing in the judgment, rendered at the time it was rendered, that gives to the plaintiff any sum as interest which he was not entitled to demand at that time under the laws of the State.

*Judgment affirmed.    All the Justices concur, except Candler, J., absent.*