## 2112. LANGSTON & COMPANY *v.* NEELY COMPANY.

The trial was free from error, and the finding of the jury upon the facts at issue was authorized by the evidence. The defendants were entitled to set off the overpayment upon the 75 yards of bagging, as to which there had been a breach of express warranty, against the unpaid portion of the plaintiffs' account (the contract being an entire contract); but the plaintiffs were entitled to interest upon the portion of the account as to which there was no dispute, from the time when payment was to have been made under the contract, up to the time when the payment was actually made. Direction is therefore given that the judgment be amended in accordance with the special finding of the jury, so as to award to the plaintiffs the interest alleged to be due in their petition, and established without dispute in the testimony.

DECIDED JULY 19, 1910.

Complaint; from city court of Waynesboro—Judge Hammond presiding. July 30, 1909.

*J. II. Porter, Phil P. Johnston,* for plaintiffs.

*E. L. Brinson,* for defendants.

RUSSELL, J. T. L. Langston & Co. brought suit against the R. C. Neely Company for $750 principal, interest on $2,500 from October 1, 1907, to July 2, 1908 (when payment of $1,750 was alleged to have been made), and interest on $750 from July 2, 1908, forward. The plaintiffs attached to their petition a written contract, embodying stipulations concerning the purchase of 2,000 fifty-yard rolls of new two-pound bagging, which was signed by both parties, and also a statement of account. The defendants in their answer admitted the receipt of the bagging in question, and, although they insisted that it was defective in several respects and did not conform to the express warranty of the contract, they nevertheless admitted that for reasons satisfactory to themselves, they

had waived the defects of this shipment, by the acceptance of the bagging specified in the statement, and were indebted to the plaintiffs upon the shipment $750. They set up, however, that there were 75,000 yards of bagging which, under the provisions of the same contract, had previously been shipped to them, as to which they were not precluded from setting up the breach of the express warranty contained in the contract, and that this bagging was worth one cent per yard less than the bagging that they bought and that should have been delivered to them. As to this lot of bagging the defendants claimed that they had overpaid the plaintiffs $750, and they asked that this sum be set off, as money had and received, against the plaintiffs' demand. The finding of the jury was in accordance with the defendants' contention, the verdict being, "We, the jury, find for the defendant, the R. C. Neely Company, the sum of $750, to be set off against the balance of $750 claimed in the plaintiffs' declaration."

The verdict was authorized by the evidence and is sustained by law. The rule in regard to the recovery of payments voluntarily made has no application to the case; because the contract was an entire contract. It is immaterial that the first shipments were closed by notes which were afterwards paid. Of course, as to that portion of the bagging which they accepted with full knowledge of its defects, the defendants, under the circumstances stated in the record, waived all right to rely upon the express warranty, but as to those shipments or that portion of the bagging which they received and accepted before they knew there had been a breach of the express warranty, there can be no question upon this point. The defendants would have the right to recover whatever might be the difference between the market price of the bagging that they bought and the bagging that was shipped to them. The acceptance of the shipment would not imply a waiver of the express warranty. In fact they would have the right to rely upon the express warranty even if they accepted the shipment, unless it was clear that they intended to waive it. Any payments they may have made, even though it happened that the payments amounted exactly to the contract price of the first three shipments, if the contract is an entire contract, are to be treated as payments merely upon the gross amount of the contract; and if payment was made under such circumstances as appear in this record (the defendants having given

notes before the goods were delivered to them, which they were afterwards compelled to pay), any amount by which the payments exceeded the true value of the goods purchased, as determinable by the express warranty, would be money received by the plaintiffs which they would be required ex æquo et bono to return to the defendants.    The verdict was a special finding upon the facts.    It was in accordance with the instructions of the judge as to the form of the verdict; and this finding as to the only disputed issue in the case is authorized by the evidence.    There is, therefore, no need for the expense and delay of another trial; but it seems that the interest which the plaintiffs claimed upon $2,500 prior to the payment of the $1,750 was lost sight of in framing the judgment.    The plaintiffs' claim in this respect was supported by the evidence.    It was undisputed either by the pleading or the proof of the defendants. The defendants received by the verdict all they claimed.    The judgment should have been molded in accordance with the pleadings and the evidence as well as the verdict, especially when the finding of the jury was a special finding upon the particular facts. We do not deem it necessary, however, to order a new trial to correct this error.    There should be deducted from the $750, found as a set-off in favor of the defendants, the sum of $131.25, the interest to which the plaintiffs were entitled upon $2,500 for the 9 months from October 1, 1907, to July 2, 1908, when the $1,750 was paid; and the judgment should be so molded as to be one in favor of the plaintiffs for $131.25.    It is directed that judgment be entered accordingly.    . *Judgment affirmed, with direction.*