17508. McRae v. Federal Land Bank of Columbia.

Jenkins, P. J. 1. It is competent for parties to a promissory note to provide that in case default is made in the payment of any installment of principal or interest when due, or in the payment, when due, of the taxes on the property by which the note is secured, the whole amount, both principal and interest, shall at once become due and payable, or to provide that in such event the whole amount, both principal and interest, may, at the option of the holder of the note, become at once due and payable.

2. Where the instrument does not provide that in case of default the amount remaining due thereon shall at once become due and payable, but provides merely that in case of such default the entire amount may, at the option of the holder, become at once due and payable, if the arrears are paid and accepted prior to such election on the part of the holder his right to exercise the option would thereupon become extinguished; but if such an election is declared prior to the tender of such arrearage (and the giving of the statutory notice of intent to sue for attorney's fees is sufficient evidence of such an election,—*Harris* v. *Powers,* 129 *Ga.* 74 (6), 58 S. E. 1038, 12 Ann. Cas. 475), the rights of the parties are the same as if the entire note had by its terms become due immediately upon default, without such an election. In either of such cases, the entire debt being then due, the mere acceptance of part payment thereon would not amount to a waiver of the prior default or undo the maturity of the remainder of the indebtedness and set it forward to the dates originally fixed therefor under the terms of the original contract. *Gilford* v. *Green,* 33 *Ga. App.* 1, 4 (125 S. E. 80), and cases there cited; *Pape* v. *Woolford Realty Co.,* 35 *Ga. App.* 284 (134 S. E. 174). The fact that after the entire indebtedness had been declared due, the holder may have offered to reinstate the contract on certain conditions, which were not complied with, would not operate to change the ruling stated.

3. The court properly allowed the amendment setting forth nonpayment of taxes as an additional ground for accelerating the maturity of the note sued on, and for this additional reason the action of the court in directing a verdict in favor of the plaintiff was in accordance with law.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided October 13, 1926.

Complaint; from Montgomery superior court—Judge Graham. May 8, 1926.

*M. B. Calhoun,* for plaintiff. *L. C. Underwood,* for defendant.

---

Bills and Notes, 8 C. J. p. 415, n. 70; p. 416, n. 71; p. 417, n. 86, 91; p. 418, n. 4, 5, 6 New.