## HARTSFIELD COMPANY *v.* DEMOS.

No. 8303.   NOVEMBER 13, 1931.   REHEARING DENIED JANUARY 16, 1932.

*Burress & Dillard,* for plaintiff.   *Morris Macks,* for defendant.
BECK, P. J.   The Court of Appeals certified the following ques-

tion to this court: "Where a person, after having complied with the provisions of the act of August 17, 1920, enacted for the purpose of regulating the business of making loans in sums of $300 or less, and for other purposes (Ga. L. 1920, p. 215), and after obtaining a license to carry on the business of making loans according to the terms of such act, including the right to charge interest at a rate not to exceed 3-1/2 per cent. per month, made a loan of $225, payable in installments of $2.25 per week, with interest from the date of the contract at the rate of 3-1/2 per cent. per month, payable 'monthly on unpaid balances,' but where, by reason of an accelerating clause in the contract, the loan matured and suit was brought and judgment obtained for the amount of the indebtedness long before the expiration of the agreed period of 100 weeks: (a) was the lender entitled to have the judgment, as regards the principal, to bear interest at the contract rate of 3-1/2 per cent. per month during the remaining portion of such period of 100 weeks; and (b) if so, should the judgment bear interest at this rate indefinitely; or (c) should the lender's right in this respect be limited to the period stated?"

We are of the opinion that the lender, under the facts stated, was entitled to have his judgment, as regards the principal, to bear interest at the contract rate of 3-1/2 per cent. per month, and the rate in this respect is not limited to any time short of the date of payment. If this contract had specified 8 per cent. per annum, the lender would have been entitled to recover up to the time of payment interest at this rate. And under the statute as it stands in regard to small loans, the 3-1/2 per cent. per month rate of interest stipulated is as lawful as 7 or 8 per cent. per annum would be on other loans. If it was lawful for the borrower to contract to pay 3-1/2 per cent. per month, then under the terms of the statute he must be held to the payment of interest at that rate. This statute may work great hardship in many cases. It may be that it ought to be changed; but that is a question for the legislature. Under the law as it stands, we can only give the answer above set forth. In principle the question has been decided. In *Daniel* v. *Gibson, 72 Ga.* 367 (53 Am. R. 845), it was said: "Where a contract specifies a rate of interest, which is not beyond the per cent. which the parties may legally contract for, if a judgment is rendered on such contract, it bears interest at the contract rate, and not at the rate which all

contracts carry if no rate be stipulated therein. This has been ruled in 69 *Ga.* 733, by a full bench, and two Justices could not reverse it. . . Were this an open question, under the statute law of this State a judgment bears interest on the principal debt at the same rate as that borne by the contract upon which such judgment may be obtained. . . The doctrine of merging of the contract into the judgment, which becomes a new debt of record, in the nature of a new contract, which bears the general rate of interest provided by law, in the absence of a stipulated rate, does not apply in Georgia." If the contract in this case was not merged into the judgment, thereby becoming a new debt of record, which should bear the general rate of interest provided by law, the contract rate continued; and in the decision from which we have quoted it was squarely held that the doctrine of merging such a contract into the judgment does not apply in Georgia. See also *Cauthen* v. *Central Georgia Bank,* 69 *Ga.* 733 (3). Those two cases decide the question involved here.                    *All the Justices concur.*