**OHIO LOAN CO v PORYCHUK et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14564. Decided March 13, 1935

Sidney N. Weitz, Cleveland, and Leon S. Kahn, Cleveland, for plaintiff.
N. D. Davis, Cleveland, for defendants.

## OPINION

By LIEGHLEY, PJ.

First, defendants filed a motion to dismiss the appeal upon the ground that the case here is not one cognizable in equity.

The first cause of action was dismissed by plaintiff in the trial court and the case proceeded upon the second cause of action for foreclosure. The trial court had jurisdiction of the parties and the subject matter as a chancery proceeding, and was authorized to enter a decree of foreclosure.

It is claimed here that because no question is raised as to the lien and right of foreclosure and for the reason that it is only a question of amount, the case is now one at law.

It is our understanding that where a court of equity obtains jurisdiction of an action, it will retain it and administer full relief. The fact that the equitable features of the case were to some extent determined during the progress of the proceedings does not serve to change the action to one at law.

**Hummer v Parsons, 111 Oh St 595.**

**Union Trust Co. v Lessovitz, 122 Oh St 406.**

**Coal and Supply Co. v Garched, 123 Oh St 316.**

What rate of interest does the unpaid balance bear from and after October 6th, 1931? The trial court declared the legal rate to be six percent thereafter upon the theory that October 6th, 1931, was the date of maturity of the note, although no specific date is mentioned in the note. The plaintiff claims that it is entitled to three percent per month at least until the unpaid balance is reduced to judgment.

The bill of exceptions discloses that plaintiff was duly licensed to loan money at three percent per month under §6346-1 GC and succeeding sections. It was established in proof that the annual license was issued to plaintiff which expired on March 1st, 1930. It is urged that because the plaintiff failed to prove that it was duly licensed from and after that date, that its right to prosecute this action fails.

It is our opinion that the burden rested

**280**

upon the plaintiff to establish that, at the time the contract was entered into, it was duly licensed under the so-called "Small Loan Act", §6346-1, et seq, GC. Being so licensed at the time of contract, plaintiff was legally authorized to enter into this contract which provides for the payment of interest at the statutory rate of three percent per month. This legislation has been held to be constitutional and a valid exercise of the legislative power. **State ex Powers, 125 Oh St 108.**

There is no maturity date fixed in the note expressly. A maturity date is arrived at by computation upon the assumption that the defendants perform their contract as by the terms thereof they agreed to perform. They defaulted, and it is now contended that they may take advantage of their own default by being obliged to pay only six percent per annum on the unpaid balance from the computed date of maturity instead of three percent per month as by their contract they agree to pay. There is nothing in the statute which in any way controls the maturity date or in any way fixes a different rate of interest before and after maturity. Therefore, we are remitted to the contract between the parties and the only reasonable construction that may be placed upon that contract is that defendants agreed to pay three percent per month on the unpaid balance until the loan is paid.

It is our understanding that the law is well established that a valid contract entered into by the terms of which the borrower agrees to pay a rate authorized by law the loan carries that rate both before and after maturity. Whatever anyone may think about the sound public policy of this legislation, there is express statutory authority for a charge of three percent per month upon a loan under three hundred dollars. The defendants, in the light of that statute and under authority of said statute, borrowed and the plaintiff loaned Two Hundred Dollars and the contracting parties will be deemed to have thoroughly understood that the loan carried an interest charge of three percent per month until paid, or at least until reduced to judgment. We believe this to be the established law not only in other jurisdictions but in the State of Ohio.

In the case of **Monnett v Sturges, 25 Oh St 384,** the debtor contracted to pay ten percent interest (a legal rate then). The court held that the contract provided for that rate until the principal debt was paid

and not merely for the time the note had to run.

In the case of **Hydraulic Company v Chatfield, 38 Oh St 575,** which involved bonds bearing interest at the rate of ten percent, the court said:

"Assuming that these bonds are silent as to the rate of interest they shall bear after maturity, if they contain a stipulaiton for ten percent before maturity, then the principal after maturity until judgment, * * * will bear ten percent interest."

We also cite Hartsfield Company v Demos, 162 SE 138 (Supreme Court Georgia) as an authority dealing directly with this issue.

This so-called "Small Loan Act" deals with the rate of interest that may be charged by the lender upon compliance with certain requisites enumerated in the statute. It does not deal with the time of payment of such loans legally made. Statutes relating to interest deal with the rate and not the time of payment. **Ohio College of Dental Surgery v Rosenthal, 45 Oh St 191.**

As we understand the law to be, plaintiff is entitled to a decree in this court and for an amount computed at the rate of three percent per month and not at the rate of six percent per annum after the alleged maturity date.

The motion to dismiss the appeal is overruled with exception noted.

The entry will be decree for plaintiff. O. S. J. Exception.

TERRELL and LEVINE, JJ, concur in judgment.