## 29660.  LYLE v. MANDEVILLE MILLS.

Decided October 3, 1942.

*J. L. Smith,* for plaintiff in error. *Boykin & Boykin,* contra.

GARDNER, J. (After stating the foregoing facts.)

1. We will deal first with the question whether the allegations of the answer with reference to the statement of the attorney of plaintiff to the defendant, the promise alleged and the reliance of the defendant thereon, constituted a valid defense as against the suit on the notes. We do not think so for, (a) there was no consideration for the extension; (b) the promise was too indefinite; (c) the allegations are not sufficient to set out fraud as a defense; (d) it is alleged that after defendant left home for work he wrote the attorney, received no reply, and took it for granted that no action would be taken against him; (e) it is not alleged that the sale was not in conformity with the power of sale as to advertisement and notice, thereby giving defendant the notice as provided by the contract. If it could be contended that plaintiff's attorney could deal with his client's business which had been entrusted to him without special authority in the manner alleged, in the absence of fraud, such agreement to extend the time of the collection of the debt, to make it valid, would have to be based upon a consideration. A naked promise would not be binding on the plaintiff himself. It would be a mere nudum pactum. See in this connection *Wilder Bros.* v. *Montgomery,* 51 *Ga. App.* 231 (179 S. E. 861).

2. We come next to consider whether the court erred in striking paragraph 5 of the answer with reference to the unearned interest. It is contended by counsel for plaintiff that paragraph

5 is insufficient in law to set out a plea of usury. We do not construe this paragraph to be a claim of usury. It is a claim for unearned interest. It is not usury to add to the principal amount in the face of the note interest until the date of maturity, but where notes are executed for deferred payments and the interest is so included and the due dates of the deferred payments are accelerated by default, under the terms of the contract, the defendant is entitled to claim the unearned interest as of the date of the judgment. It was held in *McCrary* v. *Woodard, 122 Ga.* 793 (50 S. E. 941): "It was lawful to include in each note the amount of interest which would be due at the date of its maturity and to provide that the sum represented by the principal and interest should bear interest from maturity. It was also lawful to provide that if any of the notes in the series should not be paid at maturity all should fall due. There was nothing in this transaction to make it usurious. The effect of the stipulation that all of the notes should fall due in the event one of them was not paid would prevent the plaintiff from recovering a sum greater than the amount loaned and 8% interest thereon to the date of judgment, and if judgment had been rendered before maturity of the last note, the defendant would have been entitled, under the facts set forth in his plea, to have the plaintiff's recovery of interest reduced by whatever amount of interest each of the notes contained which had not been earned at the time the judgment was rendered." It follows that the court erred in striking paragraph 5 of the answer. This court is vested with authority under *Blackshear Mfg. Co.* v. *Stone, 8 Ga. App.* 661 (3), 664 (70 S. E. 29), and *Langston & Co.* v. *Neely Co., 8 Ga. App.* 67 (68 S. E. 559), to cause to be written off of the judgment such unearned interest as was included therein. At the date of the judgment the note for $212.09 due November 1, 1942, and the note for $272 due November 1, 1943, according to the plea of paragraph 5, contained in the face amounts of unearned interest from the date of the judgment to the due dates of the notes respectively. Let the amount of the unearned interest be written off of the judgment and let the judgment for the remainder be affirmed.

*Judgment affirmed, with direction. Broyles, C. J., and MacIntyre, J., concur.*