## 48517. LAWRIMORE v. SUN FINANCE COMPANY.

PANNELL, Judge.

This is an appeal by a borrower from the overruling of her motion to set side a judgment rendered against her, by default, in favor of a licensee under the Georgia Industrial Loan Act, made on grounds the loan instrument attached to the pleading was void, and the pleading, therefore, showed on its face that no cause of action existed. The grounds stated were (a) The contract to provide for "interest from maturity at the rate of 8% per annum," and (b) The contract provided for charges in excess of those permitted by the Act in providing that "failure to pay any instalment or other sums when due hereunder shall, at the option of the holder hereof and without notice, render all instalments due and payable at once." The amount of the note was $2,064, payable in 24 instalments of $86.00 each. The instrument showed the cash advance to be $1,382.80 and added thereto were fees of $106.56, recording fee $1.00, and insurance $288.96 and 2 years interest of $284.68, each $86.00 instalment consisting of principal, etc., and interest which was unaccrued or unearned until the respective instalments became due each month. *Held:*

1. It was held in *Lewis v. Termplan, Inc.,* 124 Ga. App. 507, 508 (184 SE2d 473) in a similar case under the Georgia Industrial Loan Act, "That the maximum interest for a 24-month note had already been calculated and included and could not, under Code Ann. § 25-315 (a) [Section 15 (a), Georgia Industrial Loan Act, Ga. L. 1955, pp. 431, 440] be discounted in advance, for which reason when the plaintiff opted to accelerate and claim

unearned interest on the otherwise unmatured instalments of November 5, 1970, through June 5, 1971, this amount was usurious and the *instrument authorizing its collection is void* under Code Ann. § 25-9903 [emphasis supplied] [Section 20, Georgia Industrial Loan Act, Ga. L. 1955, pp. 431, 444]." It is true that the record in the present case does not show on its face that the judgment obtained includes any usury; however, the note contains a provision authorizing its collection and this alone is sufficient to void the obligation. Section 16 of the Georgia Industrial Loan Act (Ga. L. 1955, pp. 431, 442; Code Ann. § 25-316) provides: "No licensee shall charge, contract for, or receive any other or further amount in connection with any loans authorized by this Act," than those therein provided. The last sentence of Section 20 of the Georgia Industrial Loan Act (Ga. L. 1955, pp. 431, 444) provides "Any loan contract made in violation of this Act shall be null and void." The statement in *Lewis v. Termplan,* supra, that "This plaintiff sought and obtained a judgment which, judged alone by the terms of the instrument, was valid," was not a holding that the judgment based on the instrument was valid but merely a statement that the judgment based on the instrument, considered without respect to the laws governing such instruments was valid.

2. The contract or note here involved contained the following provision: "Any provisions of this instrument prohibited by the laws of this State shall be ineffective to the extent such prohibition without invalidating any other remaining provisions of this instrument." To give this provision of the contract effect would nullify the provision of the statute above quoted and applied, and Section 16 of the Georgia Industrial Loan Act, supra, makes provision for just such an attempt when it provides that "No licensee shall divide into separate parts any contract for the purpose or with the effect of obtaining charges in excess of those authorized by this Act."

3. Having held that the contract is void for the reasons given, it is unnecessary to determine whether it may be void for other reasons.

4. The trial court erred in overruling appellant's

motion to set aside the judgment rendered.

*Judgment reversed. Bell, C. J., Hall, P. J., Deen, Quillian, Evans and Stolz, JJ., concur. Eberhardt, P. J., and Clark, J., dissent.*

ARGUED SEPTEMBER 5, 1973 — DECIDED FEBRUARY 12, 1974 — REHEARING DENIED MARCH 4, 1974 —

*Alfred C. Kammer, II, Lee Payne,* for appellant.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellee.

*Hansell, Post, Brandon & Dorsey, Allen Post, W. Rhett Tanner,* amicus curiae.

EBERHARDT, Presiding Judge, dissenting.

For the following reasons I cannot agree with the conclusion reached in either division of the majority opinion, and must dissent.

1. The items included in this note are only those clearly authorized by the statute, arrived at by the method outlined in *Robbins v. Welfare Finance Corp.,* 95 Ga. App. 90 (96 SE2d 892), which we have followed in *McDonald v. G. A. C. Finance Corp.,* 115 Ga. App. 361 (2) (154 SE2d 825); *Clark v. Liberty Loan Corp. of Dalton,* 116 Ga. App. 213 (156 SE2d 535), and citations; *Gentry v. Consolidated Credit Corp. of Floyd County,* 124 Ga. App. 597 (184 SE2d 692), and others. Interest is properly calculated upon the "face of the note" at 8 percent per annum during the contract period, and no excess interest is included. Code Ann.§ 25-315. As to what constitutes the "principal amount" of a loan, see *McDonald v. G. A. C. Finance Corp.,* 115 Ga. App. 361, 364, supra.

2. A provision in the note for payment of interest from maturity at 8 percent per annum does not render the obligation usurious under the Industrial Loan Act, for the lender's right to collect interest "is not limited to any time short of the date of payment." *Hartsfield Co. v. Demos,* 174 Ga. 43 (162 SE 138). It has long been the law that the rate of interest specified in the contract is to be applied after as well as before maturity. Code § 57-110; *Silvey v. McCool,* 86 Ga. 1 (4) (12 SE 175); *Crockett v.*

*Mitchell,* 88 Ga. 166 (3) (14 SE 118). And "where a contract specifies a rate of interest which is not beyond the percent. which the parties may legally contract for, if a judgment is rendered on such contract, it bears interest at the contract rate, and not at the rate which all contracts carry if no rate be stipulated therein." *Cauthen v. Central Georgia Bank,* 69 Ga. 733; *Daniel v. Gibson,* 72 Ga. 367; *Neal v. Brockhan,* 87 Ga. 130, 134 (13 SE 283); *Central Bank & Trust Corp. v. State of Georgia,* 139 Ga. 54, 60 (76 SE 587). It would be a strange doctrine indeed to say that while an obligation bears interest prior to maturity it can bear none afterward. This would make it possible for a debtor to obtain a reduced rate of interest on his obligation by simply ignoring the payments as they become due, thereby extending the time without adding to the total of his interest payment, while one who meets his obligations promptly would receive no such advantage. Both law and equity have ever looked with favor upon one who is diligent and faithful in keeping his obligations rather than upon him who is slothful and laggard in doing so. Even where a note specifies that a stated sum is to be paid on a certain date "without interest" the holder is entitled to interest after maturity. *Jenkins v. Morgan,* 100 Ga. App. 561 (1) (112 SE2d 23).

3.  Provisions of the Industrial Loan Act provide for the collection of attorney fees and court costs. Code Ann. § 25-316.

4.  The petition in this action sought the recovery of an unpaid balance of $850.06 and attorney fees of $127.50. "Unpaid balance" means unpaid balance on the principal. *Lanier v. Consolidated Loan & Finance Co.,* 47 Ga. App. 148 (3) (170 SE 99); *Bell v. Atlanta Cooperage Co.,* 121 Ga. App. 207 (173 SE2d 427). The judgment was entered for "Principal $850.06, and attorney fee $127.50." It does not provide for interest after maturity, or for future interest on the judgment, though it lawfully might have done so. *Hartsfield Co. v. Demos,* 44 Ga. App. 802 (163 SE 219).

5.  The acceleration clause in the instrument is not proscribed by the statute and does not render the obligation void. While the Industrial Loan Act makes no reference, eo nomine, to acceleration clauses in

instruments to be executed by the debtor as evidence of or in security of the debt, there is a clear recognition of them found in Code Ann. § 25-316 where provision is made for attorney fees "incurred in the collection of any contract *in default,*" and for actual and reasonable expenses of repossessing and storing any collateral pledged as security "for any contract *in default.*" (Emphasis supplied.) Nowhere in the Act is there a prohibition of the clause. The provision in § 25-315 (a) that the obligation may be repayable "in one single payment or repayable in monthly or other periodic instalments" and the recognition that contracts do go into default clearly shows a legislative intent that the acceleration clause, as a generally, if not universally, accepted practice in the lending market, be permitted in these contracts.

A contrary conclusion would result in exposing the debtor to a suit for each maturing instalment which is unpaid, the expense of defending, if he desires a defense, and the accumulation of court costs in each action. Code § 20-1401. It is inconceivable that the General Assembly intended to impose so burdensome a result on a debtor. Nor do we believe that there was an intent to require a lender to proceed in a multiplicity of actions where the debtor simply fails to meet his obligations as they mature, for "both law and equity abhor a multiplicity of suits." *Johnson v. Klassett,* 9 Ga. App. 733 (72 SE 174). And what of the security? Must the lender stand by and await a maturing of the whole of the obligation while the debtor, ignoring the instalments as they fall due, continues the use and depreciation of it? It is wholly unreasonable to conclude that the General Assembly intended, by failing to mention the acceleration clause, outlawed it! We will not so construe the Act.

"Parties laboring under no disabilities may make contracts on their own terms . . . [not] illegal or contrary to public policy. " *Yon v. City of Atlanta,* 201 Ga. 800, 804 (41 SE2d 516). "Where contracts are not contrary to law, the courts are bound to enforce them as made." *Cauthen v. Central Georgia Bank,* 69 Ga. 733 (3). Public policy is to be found in the constitution and statutes and "A contract can not be said to be contrary to public policy

unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good morals and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of the law. " *Camp v. Aetna Ins. Co.,* 170 Ga. 46, 50 (152 SE 41, 68 ALR 1166).

Neither the Industrial Loan Act nor any other statute of this state, so far as we have found, prohibits an acceleration clause in a note or contract. Indeed, it is consonant and compatible with our declared public policy in Code § 20-1401, and it was held in *McRae v. Federal Land Bank of Columbia,* 36 Ga. App. 51 (1) (135 SE 112) that "It is competent for parties to a promissory note to provide that in case default is made in the payment of any instalment of principal, or interest when due,. . . the whole amount, both principal and interest, shall at once become due and payable, or to provide that in such event the whole amount, both principal and interest, may, at the option of the holder of the note, become at once due and payable."

A contract is not to be held void as contravening public policy unless the matter is clear and free from doubt. *Equitable Loan & Security Co. v. Waring,* 117 Ga. 599 (1) (44 SE 320). How can it be concluded here that the acceleration clause is proscribed when the particular statute does not so assert and when it is fully in keeping with all other law of this State? "The construction must square with common sense and sound reasoning." *Blalock v. State,* 166 Ga. 465, 470 (143 SE 426).

"An intention contrary to the law should not be read into a contract by placing such a construction upon a provision therein, when the provision is just as susceptible of a construction that will show a lawful intention." *Southern Loan Co. v. McDaniel,* 50 Ga. App. 285, 286 (2) (177 SE 834), and citations; *Mason v. Service Loan & Finance Co.,* 128 Ga. App. 828 (2) (198 SE2d 391); *Roberts v. Allied Finance Co.,* 129 Ga. App. 10, 13 (198 SE2d 416). If there are words in the contract which are susceptible of two meanings, one of which renders the contract legal and the other would render it illegal, that which renders it legal must be adopted. *Hartsfield Co. v.*

*Shoaf,* 183 Ga. 378, 381 (191 SE 693), and citations. These cases dealt with industrial loan contracts, and the principle applies here. And see generally Code § 20-704 (4), providing that in construing contracts the courts should adopt that which will uphold rather than that which will strike them down.

We are not authorized to construe this contract to be one which the lender intended to use for the collection of unauthorized interest or to presume that it would do so, for all men are presumed to act and intend to act within the law and its requirements, until the contrary appears — and it does not appear here. *Wheeler v. Wheeler,* 82 Ga. App. 831 (1a) (62 SE2d 579). Nor are we authorized to assume or to presume that the loan was made or intended to be made in violation of the provisions of the Act. On the contrary, we must presume the loan to have been intended to be valid in all respects and that use of the acceleration clause would not be so used as to bring it in violation of the Act. Indeed, nothing in this record indicates the contrary.

The majority, contrary to these rules of construction, proceeds to foresee, in spite of its absence in the record, that the acceleration clause could and might have been, if the lender had so elected, used in violation of the Act. This is wholly unjustified.

The acceleration clause in an industrial loan note has been recognized heretofore in *Hartsfield Co. v. Demos,* 174 Ga. 43, supra, where, "by reason of an accelerating clause in the contract, the loan matured and suit was brought and judgment obtained," as here. The court dealt with an industrial loan made under the Act of 1920 (Ga. L. 1920, P. 215) which, like that of 1955, as amended (Code Ann. § 25-301, et seq.) carried very strict limitations upon the making of these loans, but did not prohibit an acceleration clause.

An acceleration clause was dealt with in *Lewis v. Termplan, Inc., Bolton,* 124 Ga. App. 507, 509 (184 SE2d 473), where the court asserted that "there may be a valid exercise of acceleration provisions where only the principal balance [and earned but unpaid interest] is sought, but to attempt to accelerate the payment of that part of the instalments including unearned interest . . .

obviously gives a higher interest return on the use of the money than is authorized under the statute, and therefore nullifies the entire transaction." The holding in that case was that "the election to exercise such a provision as a means of collecting unearned interest plus other interest thereon constitutes usury and renders the instrument void."

In *Roberts v. Allied Finance Co.*, 129 Ga. App. 10 (198 SE2d 416) we dealt with the acceleration clause again, and held that where the exercise of the clause foreshortening the contract period gives effect to an interest rate greater than that allowed by law, the contract is void. But we added: "We do not hold that there can be no acceleration of the debt — we simply hold that the acceleration, combined with a claim of unearned interest, renders the obligation usurious and void under the provisions of the Industrial Loan Act."

We regard the holding of the majority opinion to be in conflict with these cases, which stand unreversed and not overruled.

6. Defendant interposed no· defense to the suit in the court below, and judgment was entered reciting that "the plaintiff appearing to be entitled to recover of the defendants, judgment is rendered against them in the following sums: Principal $850.06, attorney fee $127.50."

"Where the judgment was for the principal only, a contention that the makers of the note had not been credited with unearned interest is without merit." *McDonald v. G. A. C. Finance Corp.*, 115 Ga. App. 361 (4) (154 SE2d 825).

If evidence was introduced before the court on the hearing of appellant's motion to set the judgment aside no transcript thereof has been brought up on this appeal, and the burden is on the party alleging error to show it affirmatively by the record. Where there is nothing in the record to show the claimed error, we must assume that the judgment was fully supported and correctly entered. *Shepherd v. Shepherd*, 225 Ga. 455 (3) (169 SE2d 314); *Allen v. Smith*, 223 Ga. 265, 266 (154 SE2d 605).

This is true where, as here, the defendant failed to interpose a defense to the action and allowed the matter to go into default, thereby waiving all proof by the

plaintiff and entitling it to judgment "as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury." Code Ann. § 81A-155. This applies as to the amount of the unpaid principal of the obligation, and of the giving of the notice to bind the defendants for the payment of the attorney fees.

7. Nothing in this record or the pleadings shows a nonamendable defect appearing "upon the face of the record or pleadings." It cannot be said that the complaint "affirmatively shows that no claim in fact existed." Code Ann. § 81A-160 (d). The motion to set aside the judgment was properly denied.

The rule of the majority is rigid and monolithic, disregarding the normal, usual and long-established business practices of people engaged in a lawful business. There is great danger that it will strike down thousands of transactions involving millions of dollars and may inflict a mortal blow upon a useful segment of the economy. This results from the fact that "It has become fashionable to talk of the era of the consumer, and it appears that an increasing number of people, otherwise thought to be of good judgment, have become overcome by some sort of notion that everyone but a consumer must act responsibly." Kock, Commercial Law, 25 Mercer L. R. 49, 53. And the fashion is to look under every rock, comb with a fine tooth comb, place every transaction under an electronic microscope, and find some basis, however minuscule, however lacking in harm, however strained in construction, for declaring void a loan made in good faith by a lawful lender to a borrower, who has utterly failed to repay or keep his obligation, because of a supposed or imagined conflict between the loan instrument and the provisions of the Act.

The judgment should be affirmed.

I am authorized to state that Judge Clark joins in this dissent.

ON MOTION FOR REHEARING.

PANNELL, Judge.

Appellee contends that the following controlling cases were overlooked by the court in rendering its

decision, to wit: *McCrary v. Woodard,* 122 Ga. 793 (50 SE 941), and *Lyle v. Mandeville Mills,* 68 Ga. App. 88 (22 SE2d 186). Neither of these cases was decided under a Small Loan Act, which prohibited the "contracting for" usury as a result of which the contract would be void. The usurious interest was merely written off or only interest to date of judgment was allowed. While these cases dealt with acceleration clauses, they did not deal with acceleration clauses which were prohibited by the Act under which the loan was made. These cases are, therefore, neither applicable nor controlling.

*Garrett v. G.A.C. Finance Corp.,* 129 Ga. App. 96 (198 SE2d 717) did not decide or have involved therein the question presented and decided in the present case.

*Motion for rehearing denied.*