## 52100. PHILYAW v. FULTON NATIONAL BANK.

MARSHALL, Judge.

This appeal is from a grant of summary judgment on the issues of liability and damages in favor of Fulton National Bank.

The facts reflect that Philyaw signed a promissory note in order to obtain funds to purchase a car. Philyaw ultimately became delinquent in three of the regular monthly installment payments. In accordance with the terms of the promissory note executed by Philyaw, the bank orally informed him that the note was accelerated and the full amount was due and payable. Philyaw was unable to obtain the full amount on the day of demand and obtained a delay for three days. The bank also unsuccessfully sought the voluntary surrender of the pledged vehicle pending payment of the note in full. On the third day Philyaw brought sufficient cash to pay the three delinquent payments plus one payment in advance. These payments, however, did not satisfy the entire indebtedness.

On that same day, the bank found and repossessed the automobile with a view toward sale and satisfaction of Philyaw's indebtedness. Philyaw, asserting that the indebtedness was not delinquent and that the bank had acquiesced and waived default and payment of the entire debt, sought the return of his automobile. Philyaw then brought this suit demanding actual and punitive damages for the improper seizure and detention of his automobile. From summary judgment granted in favor of the bank, Philyaw appeals urging four enumerations of error. *Held:*

1. In his third enumeration Philyaw complains that Ga. L. 1962, pp. 156, 422 (Code Ann. § 109A-9—503) dealing with a secured party's right to take possession after default is unconstitutional wherein it allows repossession without any hearing.

"The question whether a statute is for any reason unconstitutional will not be certified to the Supreme Court when a determination of the issues involved can be reached without a decision of that question." *Cosper v. State,* 13 Ga. App. 301 (1) (79 SE 94). In his own motion for summary judgment Philyaw raised two issues: (1) that the repossession was unconstitutional as denying him the right to a hearing, and (2) that the seizure was improper because the bank by accepting delinquent and advance payments on the note rendered the note current. In its grant of the bank's summary judgment, the trial court did not state the ground upon which it based its decision.

It clearly is the law of this state that the Supreme Court is not required to and "will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge. *Brown v. State,* 114 *Ga.* 60 (2) (39 S. E. 873); *Georgia-Florida Ry. v. Newton,* 140 *Ga.* 463 (3) (79 S. E. 142); *Bentley v. Anderson-McGriff Hardware Co.,* 181 *Ga.* 813 (1) (184 S. E. 297); *West v. Frick Co.,* 183 *Ga.* 182 (187 S. E. 868)." *Calhoun v. State,* 211 Ga. 112, 113 (84 SE2d 198). See also *Pitts v. G.M.A.C.,* 231 Ga. 54, 56 (199 SE2d 902); *Campbell v. J. D. Jewell, Inc.,* 220 Ga. 400 (139 SE2d 161). This record shows that the constitutional question of denial of hearing was not distinctly passed upon by the trial court. Accordingly, the constitutionality of the statute will not be passed upon by this court.

2. In his first, second and fourth enumerations of error, Philyaw complains the trial court erred in granting the bank's summary judgment and denying his own. He contends that the trial court erred in not holding that the bank's acceptance of part payment affected its right of repossession or waived its right to accelerate payments. In this regard, the record indicates that Philyaw personally appeared at a branch office of the bank to discuss his loan.

He was informed that his loan was three months delinquent and that the loan was then and there accelerated. Philyaw was further informed that if immediate payment were not made, the car would be repossessed. There is no contention that Philyaw did not owe the money demanded, nor that the note was not three months delinquent. Nor does Philyaw deny that delinquency in payment authorized the bank under the terms of the note not only to accelerate payment, but, if full payment was not made following demand, the bank could repossess the auto. It is equally clear that Philyaw made a payment equal to four monthly installments, but did not satisfy the note in full.

Acceleration clauses in promissory notes are valid and enforceable. *McRae v. Federal Land Bank of Columbia,* 36 Ga. App. 51 (1) (135 SE 112); *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96, 101 (205 SE2d 110). The bank's repossession was authorized both by the terms of the note and by Georgia law. Code Ann. § 109A-9—503, supra; *Atkins v. C & S Nat. Bank,* 127 Ga. App. 348, 350 (193 SE2d 187). Finally, the acceptance of partial payment by the bank did not nullify the acceleration of the debt nor the maturity of the remainder of the indebtedness. *Crawford v. First Nat. Bank of Rome,* 137 Ga. App. 294, 296 (223 SE2d 488). Where the election to accelerate is declared prior to the tender of arrearage, the rights of the parties are the same as if the entire note had by its terms become due immediately upon default. The entire debt being due, the mere acceptance of part-payment thereon does not amount to a waiver of the prior default or undo the maturity of the remainder of the indebtedness, nor set it forward to the date originally fixed under the terms of the original contract. *McRae v. Federal Land Bank of Columbia,* 36 Ga. App. 51, supra; *Gilford v. Green,* 33 Ga. App. 1, 4 (125 SE 80); *Barnwell v. Hanson,* 80 Ga. App. 738 (57 SE2d 348).

The parties to this suit do not present any issue of material fact to be resolved, only the legal interpretation of those facts. The facts presented to the trial court by the bank fully met its burden of showing the absence of any genuine issues of material facts. Under applicable principles of substantive law, the bank was entitled to a

judgment as a matter of law. *Raven v. Dodd's Auto Sales &c., Inc.,* 117 Ga. App. 416 (160 SE2d 633). There was no error in the grant of summary judgment for the bank nor in the denial of summary judgment for Philyaw.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED APRIL 8, 1976 — DECIDED MAY 17, 1976 — REHEARING DENIED JUNE 14, 1976.

*Joseph E. Wilkerson,* for appellant.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Joseph W. Dorn,* for appellee.