William **JOHNSON** and Joan Johnson, his wife, Plaintiffs,

v.

**McCRACKIN–STURMAN FORD, INC.,** and Ford Motor Credit Company, Defendants.

**C.A. 73–458.**

United States District Court, W. D. Pennsylvania.

May 23, 1974.

In addition, it appears that the Union has now withdrawn the unfair labor practice charge.

Lewis M. Taffer, Neighborhood Legal Services, Pittsburgh, Pa., for plaintiffs.

Robert W. Doty, and Edwin L. Klett, Eckert, Seamans, Cherin & Mellott, for Ford Motor Credit Co., Henry W. Fulton, Jr., Kenney, Stevens, Clark & Semple, Pittsburgh, Pa., for McCrackin-Sturman Ford, Inc.

## MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT IN PART

WILLSON, Senior District Judge.

This action was begun by William and Joan Johnson to recover statutory damages from McCrackin-Sturman Ford and Ford Motor Credit Company for allegedly inadequate credit disclosures in violation of the Truth-In-Lending Act, 15 U. S.C. § 1601 et seq., and Federal Reserve Regulation Z, 12 C.F.R. 226, made in the course of financing the automobile which the plaintiffs purchased from defendant McCrackin-Sturman and which financing was later assigned to defendant, Ford Motor Credit. Jurisdiction is conferred by 15 U.S.C. § 1640(e). Answers have been filed. Thereafter, pursuant to Rule 56, all parties have moved for partial summary judgment with respect to paragraphs 7(a) and 7(b) of the Amended Complaint claiming no genuine issue as to any material fact regarding these allegations and all parties believe they are entitled to judgment in their favor as a matter of law.

Paragraph 7(a) of the Amended Complaint charges that defendants' failure to disclose the acceleration clause contained in the retail installment contract in the disclosure statment was a violation of the Truth-In-Lending Act. Defendants maintain that this acceleration clause was merely a remedy available to the creditor in the event of a default by the buyer, that it was not the type of disclosure required by the Act or Regulation Z, since it was not the type of charge imposed automatically upon the occurrence of a late payment, delinquency or default, but was rather a type of charge which was conditional upon the creditor pursuing certain remedies in the event of default by the borrower.

Under the heading "20. Default." in the retail installment contract, in addition to granting the seller the right to repossess and making the buyer liable for attorney's and collection fees in the event of default, the following acceleration clause is included:

"In the event Buyer defaults in any payment, or fails to obtain or maintain the insurance required hereunder, or fails to comply with any other provision hereof, or a proceeding in bankruptcy, receivership or insolvency shall be instituted by or against Buyer or his property, or Seller deems the Property in danger of misuse or confiscation, Seller shall have the right to declare all amounts due or to become due hereunder to be immediately due and payable . . . ."

The presence of this acceleration clause was not indicated anywhere in the disclosure statement given to the plaintiffs. An inspection shows its absence.

Section 128(a)(9) of the Act, 15 U.S.C. § 1638(a)(9), requires that, in connection with each consumer credit sale not under an open end credit plan, the creditor must disclose "The default, delinquency, or similar charges payable in the event of late payments." Pursuant to the mandate of 15 U.S.C. § 1604, the Federal Reserve Board promulgated § 226.8(b)(4) of Regulation Z, which sets forth the same disclosure requirement:

"(b) In any transaction subject to this section, the following items, as applicable, shall be disclosed: (4) The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments."

The only case dealing directly with the question of whether an acceleration clause is the type of disclosure required by the Act is Garza v. Chicago Health Clubs, Inc., 347 F.Supp. 955 (N.D.Ill. 1972), in which the court held that an acceleration clause is a default charge within the meaning of the Truth-In-Lending Act and therefore must be disclosed. After noting that the word charge was nowhere defined in the Act or regulations, the Court accorded the word its usual meaning of "an obligation" or "claim" and went on to hold that:

"Considering these definitions and the purpose of the statute and regulation to inform consumers of credit costs and terms so they can effectively choose between sources of credit (TIL § 102, 15 U.S.C. § 1601), it seems clear that the acceleration of the balance of the debt should be considered a 'charge' . . . ." Id. at 959.

The defendants in the instant case contend that there is a significant difference between the acceleration clause found in Garza, in which the remaining balance became due and owing without demand or notice upon default, and here, where the remaining balance became due and owing at the election of the seller.

In support of their position, the defendants point to letters of members of the Federal Reserve Board which declare that, unless automatically imposed, attorney's or collection agency fees need not be included in the disclosure statement in order to comply with Section 226.8(b)(4) of Regulation Z, for they are conditional upon the employment of such personnel to effectuate satisfaction of the debt. See Federal Reserve letter

dated April 10, 1972, Griffith L. Garwood, 4 CCH Consumer Credit Guide, ¶ 30,834, and Federal Reserve letter dated June 23, 1969, Milton W. Schober, 4 CCH Consumer Credit Guide, ¶ 30,404.

■ A distinction must be made between that type of charge, which is conditional in that it hinges on employment of an outside source to effectuate collection, and the type of charge herein involved, which is conditional only in the respect that it comes into operation at the election of the seller. In the former case, the charge is undeterminable and contingent, while in the latter, although it is not self-effecting, the charge is determinable and effective at the election of the seller.

■■ It seems to the Court that it is exactly this type of disclosure that the Truth-In-Lending Act was intended to require in order to insure that consumers would have information concerning credit terms so that they could effectively choose between sources of financing to compare more readily the various credit terms available to them. See 15 U.S.C. § 1601. It seems to this Court that the reasoning in the *Garza* decision has application to the instant case and that the *Garza* decision is authoritative.

■■ Inasmuch as there can be no multiple recoveries for multiple Truth-In-Lending violations, it is unnecessary at this time to determine whether the other allegations contained in the Amended Complaint constitute a violation of the Truth-In-Lending Act.

From the pleadings there is no dispute but what the finance charges amounted to $731.63. Under the statute plaintiff is entitled to recover double the financing charges but in no event more than $1000.00, 15 U.S.C. 1640(a). This sum will be awarded against the dealer, McCrackin-Sturman. Any award against Ford Motor Credit Company must be under § 1640(d), as the subsequent assignee of the document. But still plaintiff is entitled to but one recovery. But if unable to collect from the dealer, evidence must be adduced to show Ford Motor Credit Company is liable under 1640(d). Costs will follow the judgment as a matter of course, but in the event the parties cannot agree, they will be heard on the amount of counsel fees to be awarded plaintiff. The following order is appropriate at this stage.

### ORDER

And now, May 23, 1974, it is directed that:

1. Plaintiffs' motion for summary judgment against McCrackin-Sturman Ford is granted, and judgment is directed in plaintiffs' favor in the sum of $1000.00, together with costs and counsel fees;

2. Plaintiffs' motion for summary judgment against Ford Motor Credit Company is denied, but without prejudice;

3. Both defendants' motions for summary judgment are denied; It is so ordered.