**James R. BARRETT and Sue Barrett**

v.

**VERNIE JONES FORD, INC.,** and **Peoples Financial Corp. of Canton d/b/a Peoples Financial Corp. of Jasper.**

Civ. A. No. C74–1502A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 5, 1975.

On Motion to Reconsider May 8, 1975.

---

James H. Morawetz and David Buffington, Atlanta, Ga., for plaintiffs.

Albert C. Ruehmann, III of Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, Chief Judge.

Under the provisions of Local Rule 250, this action brought pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e), was referenced to a bankruptcy judge designated as a special master to determine the issues and to make a written report of findings of fact and conclusions of law with a recommendation to this court on final action. This court has now received the special master's report, has reviewed that report, and has concluded that although the court ADOPTS the special master's findings of fact, the court will substitute its own opinion on the proper application of the law to those facts.

When a consumer credit sale is entered into which is not made under an open-end credit plan, the Truth in Lending Act requires disclosure of, inter alia, "(9) The default, delinquency, or similar charges payable in the event of late payments." 15 U.S.C. § 1638(a)(9).

The regulation which implements that statute requires disclosure of "(4) The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments." Regulation Z, 12 C.F.R. § 226.8(b)(4) (1974).

The regulation also requires disclosure of the amount or method of computation of the amount of any rebate which will be due in the event of prepayment of the note in full. Regulation Z, 12 C.F.R. § 226.8(b)(7) (1974).

The question presented by this case is under what circumstances the creditor is required to disclose the existence of a right of acceleration. The note on which this action is based contained a clause giving the seller a right to accelerate upon default. The acceleration clause was not, however, included in the disclosure section of the note.[1] The special master concluded that this omission violated both § 226.8(b)(4) and (b)(7). As this court concludes that there was in fact a (b)(4) violation, the plaintiff is entitled to the statutory damages, and it will be unnecessary to reach the issue of possible existence of a (b)(7) violation.

The preprinted form used by Peoples Financial Corporation for its loans contains three provisions pertinent to this litigation. Two of these appear in that section of the form devoted to Truth in Lending disclosures:

"(13) Delinquency Charges: Buyer hereby agrees to pay a Delinquency Charge on each installment in default for more than 10 days in the amount of 5% of each such installment or $5.00, whichever is less, plus attorneys' fees in an amount equal to 15% of the entire amount due hereunder, plus all court costs, sheriff's costs and other legal fees incurred if this contract is placed for collection or enforcement in the hands of, or collected or enforced by or through an Attorney-at-Law.

. . . . . .

"(15) If this contract is prepaid in full by cash, refinancing or otherwise

---

[1] Regulation Z requires that "All of the disclosures shall be made together on either (1) The note or other instrument evidencing the obligation on the same side of the page and above or adjacent to the place for the consumer's signature . . . ." 12 C.F.R. § 226.8(a) (1974).

before the final installment date, the Purchaser shall receive a rebate of the unearned Finance Charge as computed under the Rule of 78's less an acquisition cost of $25, provided that no refund of less than $1 will be made."

The third provision appears on the back of the note and provides that:

"In the event of a default: Seller shall have the right to: (i) declare all unpaid installments immediately due . . . ."

The precise question presented to the court is whether the failure to include this right of acceleration in the Truth in Lending disclosures constitutes a violation of Regulation Z, 12 C.F.R. § 226.-8(b)(4) (1974).

The Federal Reserve Board has recently issued a Staff Opinion letter setting forth the agency's position on required disclosures with respect to acceleration of payments clauses.[2] The text of that letter is set forth below:

"No. 851

"§ 226.8(b) The rebate effects of an acceleration of payments clause should be disclosed in the same manner as if prepayment were voluntary and such clause does not constitute a charge for late payment except to the extent that the creditor retains unearned finance charges in excess of that which was disclosed as being rebated

October 22, 1974

This is in response to your letter of . . . . . inquiring whether an acceleration clause in an instalment contract is a 'charge' payable in the event of late payment within the meaning of § 226.8(b)(4) of Regulation Z and therefore must be disclosed with other required items.

For the purposes of Truth in Lending disclosures, this staff views an ac-

celeration of payments as essentially a prepayment of the contract obligation. As such, the disclosure provisions of § 226.8(b)(7) of the Regulation, which require the creditor to identify the method of rebating any unearned portion of the finance charge or to disclose that no rebate would be made, apply. If the creditor rebates under one method for acceleration and another for voluntary prepayment, both methods would need to be identified under § 226.8(b)(7). Failure to disclose the method of rebate or nonrebate would be a violation of the Truth in Lending Act.

If, under the acceleration provision, a rebate is made by the creditor in accordance with the disclosure of the rebate provisions of § 226.8(b)(7), we believe that there is no *additional* 'charge' for late payments made by the customer and therefore no need to disclose under the provisions of § 226.8(b)(4). On the other hand, if upon acceleration of the unpaid remainder of the total of payments, the creditor does not rebate unearned finance charges in accordance with the rebate provisions disclosed in § 226.-8(b)(7), any amounts retained beyond those which would have been rebated under the disclosed rebate provisions represent a 'charge' which should be disclosed under § 226.8(b)(4).

Sincerely yours,

Frederic Solomon
Director"

It is apparent from the face of the note that the acceleration clause has no provision for any rebate of the unearned portion of future installments and that this note therefore falls under the last sentence of the FRB Staff Opinion. This leads inevitably to the conclusion that a (b)(4) disclosure is required, and, that

---

2. The Fifth Circuit has instructed this court that FRB Staff Opinion letters are "entitled to great weight, for they constitute part of the body of 'informed experience and judgment of the agency to whom Congress delegated appropriate authority'", Philbeck v.

Timmers Chevrolet, Inc., 499 F.2d 971, 976 (5th Cir. 1974), and that they are "especially entitled to great deference 'because of the important interpretive and enforcement powers granted this agency by Congress' in this highly technical field." *Id.* at 977.

no such disclosure having been made, there is a violation of the Act.

■ The defendant, however, argues that even if there is a violation under the terms of this Staff Opinion letter there was no such violation prior to issuance of the Staff Opinion. The gravamen of this argument is that since the total amount due on the note would be unchanged after exercise of the acceleration clause there is no "charge" within the meaning of the Act. This court holds, as other courts have held before it, that where, as here, the note makes no provision for rebate of unearned interest upon acceleration, the diminution of the period over which the finance charge would be spread constitutes a "charge" which is passed on to the consumer as a result of default. Johnson v. McCrackin-Sturman Ford, Inc., 381 F. Supp. 153 (W.D.Pa.1974); Garza v. Chicago Health Clubs, Inc., 347 F.Supp. 955 (N.D.Ill.1972).

The defendants' next argument is that the acceleration clause does not mean what it says. The heart of this argument is the contention that even if *Johnson* and its predecessor cases were correctly decided, peculiarities of Georgia commercial law require a different result in this state. The core of the defendants' contention is that Georgia law reads into the otherwise silent acceleration clause a requirement that the creditor rebate all unearned finance charges. Robert P. McDaniel v. Fulton National Bank of Atlanta, C.A. No. C74–244A (N.D.Ga. Dec. 18, 1974). Although *McDaniel* does, apparently, stand for the proposition for which it is cited, this court must respectfully disagree with the interpretation of the current Georgia law set forth in *McDaniel*.

*McDaniel* advances the proposition that "in Georgia no additional amount is to be paid by the debtor in the event of default and ensuing acceleration. The debtor's balance due is adjusted by any unearned Finance Charge or unearned credit life insurance premium and the debtor is charged only for actual earned portions thereof." In support of this proposition *McDaniel* cites only one Georgia case: Garrett v. G.A.C. Finance Corp., 129 Ga.App. 96, 198 S.E.2d 717 (1973).

In order to demonstrate the fallacy of the proposition set forth in *McDaniel* it will be necessary to briefly review recent developments in the Georgia law dealing with the effect of the state usury laws upon enforceability of acceleration clauses. Perhaps the best starting point is the holding that if the effect of the acceleration clause is to render the note as a whole usurious, the note is unenforceable in the Georgia courts. Lewis v. Termplan, Inc., 124 Ga.App. 507, 184 S.E.2d 473 (1971).[3] The decision in *Lewis* was amplified by the Court of Appeals sitting en banc in Roberts v. Allied Finance Co., 129 Ga.App. 10, 198 S.E.2d 416 (1973). In *Roberts* the court held that if the effect of an exercise of an acceleration clause is to render the contract usurious, then the entire contract is void and unenforceable in the Georgia courts. The Court explicitly noted, however, that it was not outlawing any form of acceleration per se, merely refusing to enforce such a clause if it rendered the contract usurious: "We do not hold that there can be no acceleration of the debt—we simply hold that the acceleration, combined with a claim of unearned interest, renders the obligation usurious and void under the provisions of the Industrial Loan Act." *Roberts, supra* at 11, 198 S.E.2d at 418. Thus under Georgia law an acceleration clause which does not contain a provision for rebate of any un-

---

3. The cases cited in this discussion are based on the special usury provision of the Georgia Industrial Loan Act, Ga.Code Ann. § 25–315 (1971). These holdings would be equally applicable to other usury statutes insofar as they speak to the issue of whether or not a note is usurious. Once a note is determined to be usurious, however, the effect of that determination may be more severe if the note was drawn under the authority of the Georgia Industrial Loan Act, Ga.Code Ann. § 25–9903 (1971).

earned interest is enforceable absent a finding that the clause *as applied* renders its note violative of the state usury laws.[4] Once such a finding has been made, however, the note becomes void.[5] After Roberts there remained a possibility that the creditor could still avoid this result by either (1) filing suit on the note but seeking to recover only principal and earned interest or (2) not filing suit until after the note had matured. These possibilities were laid to rest by the cases of Lawrimore v. Sun Finance Co., 131 Ga.App. 96, 205 S.E.2d 110 (en banc), aff'd. 232 Ga. 637, 208 S.E.2d 454 (1974), and Hardy v. G.A.C. Finance Co., 131 Ga.App. 282, 205 S.E. 2d 526, aff'd. 232 Ga. 632, 208 S.E.2d 453 (1974).[6] The court in *Lawrimore* held that: "It is true that the record in the present case does not show on its face that the judgment obtained includes any usury; however, the note contains a provision authorizing its collection and this alone is sufficient to void the obligation." [7] At 97, 205 S.E.2d at 111. This statement of the Georgia law demonstrates that the contract is unenforceable not because it contains an acceleration clause requiring payment of un-

earned interest but because the *effect* of that clause is to authorize the collection of usurious interest.

■ The court is aware of no decisions holding that the fact that a note may ultimately be found to be usurious under the applicable state law insulates its maker from liability for any violations of the Truth in Lending Act which the note may contain. The purpose of the Truth in Lending Act is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601. It appears evident to the court that effectuation of this congressional purpose requires disclosure of all charges which the lender asserts a right to collect at the time credit is extended whether or not it is finally determined that he can utilize the enforcement mechanisms of the state courts to collect the charge. Equally clearly, the consumer has a need to be informed of all charges which may be assessed against him whether or not he could prevail in any eventual litigation attacking the validity of that charge.

---

4. If there could be any remaining doubt on this point it was resolved by a casenote discussing *Lewis* and cited approvingly by the court in *Roberts*. The casenote detected three possible judicial approaches to the interaction of acceleration clauses and the usury laws. The note points out that the Texas courts have followed the approach advocated by the present defendants and have judicially construed a rebate of unearned interest into all acceleration clauses. The casenote concluded that the Georgia courts have rejected the Texas approach and have refused to enforce acceleration clauses once it has been determined that the acceleration clause applied to its particular contract constitutes a violation of the state usury laws. Note, 9 Ga.St.B.J. 380 (1973).

5. Garrett v. G.A.C. Finance, 129 Ga.App. 96, 198 S.E.2d 717 (1973), the sole case relied upon in *McDaniel* was handed down by one panel of the Court of Appeals some three weeks after the en banc decision in *Roberts*. It is an extremely brief opinion, merely applying *Roberts*, and although on its face it appears to support the proposition it cited

for in *McDaniel*, it can hardly be interpreted as an attempt by the panel to overrule the full court's recent decision.

6. Even if one of these theories had served to render the note enforceable under state law, the court is unaware of any decisions holding that a unilateral assertion by a creditor that he has no intention of demanding payment of a charge which he is entitled to collect under the terms of his note will cure the creditor's failure to have properly disclosed to the consumer the fact that the charge is authorized by the note.

7. The acceleration clause in *Lawrimore* provided that: "[F]ailure to pay any installment or other sums when due hereunder shall, at the option of the holder hereof and without notice, render all installments due and payable at once." This provision is virtually identical to that found in defendants' note, *see* p. 111, *supra*, and *Lawrimore* makes it clear beyond contest that the Georgia courts would not save defendants' note by reading any rebate clause into it.

■ The court thus concludes that, irrespective of how this acceleration clause might fare if an attempt was made to enforce it in the state courts, the Truth in Lending Act and its implementing regulation, 12 C.F.R. § 226.-8(b)(4), require that an acceleration clause be properly disclosed when, as here, by its terms it authorizes the creditor to demand immediate payment of future installments including unearned interest and finance charges upon default.[8]

The court finds for the plaintiff and against the defendants in the amount of $1,000.00 statutory damages, plus $300.-00 attorneys' fees, plus costs of court.

### On Motion to Reconsider

The defendants in this Truth in Lending litigation have filed a motion to alter or amend the judgment previously entered herein. Although the motion raises a number of issues, all of these issues can be divided into two categories. The first category is composed of contentions that the court was incorrect in its interpretation of the Georgia commercial law applicable to the credit transaction involved in this suit. The second category is comprised of contentions that, irrespective of the applicable state law, the court misinterpreted the extent of the disclosure required under the Truth in Lending Act, 15 U.S.C. § 1600 et seq. Neither of these contentions is correct, but both merit discussion.

The note involved in this litigation was drawn under the provisions of the Georgia Motor Vehicles Sales Act. Ga.Code Ann. § 96–1001 et seq. In its order of March 5, 1975, the court relied heavily on cases involving notes drawn under the provisions of the Georgia Industrial Loan Act, Ga.CodeAnn. § 25–301 et seq. The defendants assert that the distinction between these two statutes is crucial. The court concludes that although there is undoubtedly a distinction, it does not come accompanied by a difference. Initially the court would point out that it noted this distinction and found it to be irrelevant in footnote 3 of the March 5th order. The court will, however, elaborate on the reasoning which supported that conclusion. As the Georgia Court of Appeals has recently noted, when the issue facing the court is whether or not the exercise of an acceleration clause renders its note usurious to "all intents and purposes the same rule is applicable" under both statutes. Cook v. First National Bank, 130 Ga.App. 587, 203 S.E. 2d 870 (1974). However, once the court has determined that the creditor is in fact attempting to extort usurious interest there is a significant difference in the penalty which the court exacts. Under the Industrial Loan Act the entire note is voided. Lawrimore v. Sun Finance Co., 131 Ga.App. 96, 205 S.E.2d 110 (en banc), aff'd 232 Ga. 637, 208 S.E.2d 454 (1974). Under the Motor Vehicle Sales Act the lender is still allowed to collect his principle but he loses at least all unearned interest.[1] This distinction, however, has no effect on the crucial point. Under neither Act are acceleration clauses per se unenforceable and under neither Act will the Georgia court "read into" a silent acceleration clause a provision rebating all unearned interest. While the lender may for prac-

---

8. Although this court must disagree with the result reached in *McDaniel*, the court is in agreement with the proposition recently advanced by Judge Henderson that if the acceleration clause by its own terms provides for a rebate of all unearned interest and the note properly discloses the method of rebate upon prepayment, then no separate (b)(4) disclosure is necessarily required. Barksdale v. Peoples Financial Corp. of Alpharetta, 393 F.Supp. 112 (N.D.Ga.1975).

1. The older cases indicate that he can still collect all interest which has accrued by the date of judgment. The Court of Appeals, however, has recently stated that a claim of usurious interests bars "recovery of *any* finance charge, delinquency or collection charges on the contract." *Cook, supra* 130 Ga. at 588, 203 S.E.2d at 871. It is unclear whether the Court of Appeals meant by this language to indicate that the creditor will henceforth lose earned interest as well as unearned interest.

**910**

tical reasons never wish to attempt to enforce his acceleration clause as written, that fact cannot be conclusively determined at the time the credit transaction is entered into.

The defendants' next attack on the March 5th order is based on the Georgia Supreme Court's opinion in the case of McCrary v. Woodward, 122 Ga. 973, 50 S.E. 941 (1905). The note in *McCrary* contained an acceleration clause and provided for the collection of interest at the maximum legal rate of 8%. Although the note was accelerated before maturity, no judgment was had until after maturity. In that situation the court held that the lender was allowed to collect the full amount of the note. The court, however, went on to limit the scope of its holding:

> "If the agreement between the parties had been that the plaintiff should be entitled to recover all of the interest represented by the $144, without reference to whether that amount had been earned at the time of the judgment, a different question would have been presented. There was nothing in the transaction to indicate that it was the purpose of the parties to evade the usury laws, and there is nothing in the judgment, rendered at the time it was rendered, that gives to the plaintiff any sum as interest which he was not entitled to demand at that time under the interest laws of the State." 122 Ga. at 794, 50 S.E. at 941.

Thus it appears that when a creditor attempts to exercise an acceleration clause in a non-Industrial Loan Act transaction the court must take the following steps to arrive at the correct judgment:

1. Apply the acceleration clause as written.

2. Ascertain whether the acceleration clause as applied will, at the time of entry of judgment, result in a collection of unearned interest sufficient to violate the state usury laws.

3. If it would violate state usury laws, entry of judgment must be conditioned upon a rebate of the unearned interest.

In *McCrary* the court declined to rule on the issue of collection of unearned interest absent usury. The opinion in *Cook,* however, seems to make it clear that the offense against public policy is collection of usury rather than collection of unearned interest. Both vices were present in *Cook,* yet the court held only that: "This is in excess of the maximum allowable for the period in question on the unpaid balance to finance. Code Ann. § 96–1004(a). Hence, a violation is shown by the evidence." *Cook, supra* at 588, 203 S.E.2d at 871. None of the cases cited by the defendants hold that the collection of unearned interest is per se improper under Georgia law.[2]

■ Finally, the defendants contend that in drawing a non-Industrial Loan Act note it is "prudent" for a lender to utilize the acceleration clause employed by the defendant because use of such a clause allows the lender to collect interest at the rate specified in the note from the date the note is accelerated until the date of judgment. The court has no quarrel with this conclusion. The issue in this litigation is not whether the defendants can use such a clause but whether, if they choose to do so, they must also dis-

2. An illustrative example may make the distinction clear: A lends B $100 for one year at 4% interest, the entire sum of $104 to be paid in 12 equal installments. The note contains an acceleration clause identical to that found in the defendants' preprinted form. B makes six payments on time but defaults on the seventh. A accelerates the notes, sues for the outstanding balance, and being a resident of a sparsely settled area, promptly secures a judgment. In Truth in Lending terminology his earned interest is $2.00 ($100 x 4% per annum x ½ year). He has, however, collected $4.00 in interest and has collected a § 226.8(b)(4) charge by virtue of the effective annual percentage rate increasing from 4% to 8%. He has not, however, run afoul of the Georgia usury laws because his annual percentage rate has never exceeded 8%.

close its existence in the Truth in Lending section of the note.[3]

Although for the reason set forth above the court cannot accept the statement of the Georgia law proposed by the defendants, even if the court had concluded that the defendants were correct in their reading of the Georgia law, that conclusion would not require any alteration of the court's judgment of March 5, 1975. The issue in this case is whether or not there has been a violation of the disclosure requirements under Truth in Lending and the resolution of that issue is not necessarily controlled by state law. The defendants' arguments are largely couched in terms of what would allegedly happen if and when the defendants chose to sue on their note in the Georgia state courts. There are two problems with this approach.

First, the court cannot simply assume that the defendants will not choose to attempt to enforce their note as written. If the defendants have no intention of utilizing a clause inserted in their note there would be no reason for that clause to be included in the note.

■ Second, the issue in a Truth in Lending case is not what charges the creditor would in fact assert in some hypothetical later state court proceeding, but what charges the creditor asserts a right to enforce *at the time* the credit transaction in question is entered into.

Section 1640(b) of Title 15, U.S.C., provides that: "A creditor has no liability under this section if within fifteen days after discovering an error, and *prior to the institution of an action* under this section or the receipt of written notice of the error, the creditor notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary to insure that the person will not be required to pay a finance charge in excess of the amount or percentage rate actually disclosed." (Emphasis added.) Here the creditor has included an acceleration clause in his note which has the effect upon the occurrence of certain contingent future events of obligating the borrower to pay a finance charge in excess of the percentage rate actually disclosed. The portion of the statute quoted above indicates by implication that although the defendant could have cured this violation by following a certain procedure he could do so only prior to this suit being filed. The Truth in Lending Act would be rendered meaningless if the creditor were allowed to appear after institution of suit, disavow any intent to rely on the contract term which gave rise to the violation, and be relieved of all liability.

■ The inclusion of a charge in a note may give rise to a Truth in Lending violation, Buford v. American Finance Co., 333 F.Supp. 1243 (N.D.Ga.1971), even though the effect of the lender having made that charge may be to render his note unenforceable in the state courts, Georgia Investment Co. v. Norman, 231 Ga. 821, 204 S.E.2d 740 (1974). Thus the crucial inquiry is what charges has the lender asserted a right to collect under the terms of his note, *not* what will be the outcome of an attempt to enforce those charges in the state courts. Here the defendants have asserted a right to collect the charge. While it may be true that the charge cannot be enforced in the state courts and that common sense dictates that the defendant will make no effort to collect the charge, this does not alter the fact that he has asserted a right

3. An alternative method by which the lender can avoid any violation of § 226.8(b)(4) would be to provide in the acceleration clause that in the event of acceleration any unearned interest at time of judgment will be rebated to the borrower. If the acceleration clause contained such a limitation there would be no default "charge" under *Garza* and no requirement of disclosure. Barksdale v. Peoples Financial Corp., 393 F.Supp. 112 (N.D.Ga. Feb. 21, 1975) (Henderson, J.). The defendant will not, however, be allowed to first assert the clause and then, if sued, assert that its note does not mean what it says.

to collect the charge and therefore must properly disclose its existence.

Finally, the defendants attack the court's "statement" that "a debtor must be informed of all baseless claims a hypothetical creditor might assert against the debtor." The court did not intend to make *any* such broad statement. A review of the March 5th order, however, reveals that it may be subject to such a misinterpretation. What the court was attempting to make clear is that if a creditor asserts *in the body of his note* the right to collect a charge, and that charge is subject to Truth in Lending disclosure requirements, then the creditor must properly disclose the existence of that charge in the Truth in Lending section of the note irrespective of whether or not it would ultimately be enforceable in state court.

In this case the defendants seem to feel that the fact that their acceleration clause was drafted in order to allow collection of maximum interest without violating the state usury laws should insulate them from liability under the Truth in Lending Act. This argument, however, contains a *non sequitur* as there is no necessary correlation between violations of the state usury laws and violation of the Truth in Lending Act. Thus if the defendants had entered into a credit transaction for which they charged interest at the rate of 50% per annum, their note would undoubtedly be voided as violative of the state usury laws. It would not, however, contain a Truth in Lending violation if the actual interest rate charged was clearly disclosed as required by the Act. Similarly, the note involved here may or may not be enforceable in the Georgia courts but it most assuredly does violate the Truth in Lending Act.

With the exception of those clarifications of the March 5, 1975 order set forth above, the court is unpersuaded by the defendants' arguments in support of their motion. Accordingly, the motion to alter or amend the judgment of March 5, 1975 is DENIED.

Upon the filing of a proper affidavit of services rendered, the court will award the plaintiffs the additional attorney's fees incurred in defending against this motion.