Robert P. McDANIEL, Plaintiff,

v.

The **FULTON NATIONAL BANK OF ATLANTA**, Defendant.

Civ. A. No. C 74–244 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 18, 1974.

Supplemental Opinion May 13, 1975.

E. Lundy Baety, Hill, Jones & Farrington, Atlanta, Ga., for plaintiff.

Richard R. Cheatham, Neal J. Fink, Marion H. Allen, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for defendant.

## ORDER

JAMES C. HILL, District Judge.

On December 9, 1974, the Court remanded this Truth-in-Lending action to the Special Master for consideration of plaintiff's claim under Regulation Z, 12 CFR sec. 226.8(b)(7). The Special Master in his original recommendations to this Court had not considered this claim. It now appears, however, that, in the interest of justice, the Court should rule on those questions considered by the Special Master in his report of September 19, 1974. Judge William L. Norton, acting as Special Master under Local Court Rule 250, recommended that judgment be granted to defendant and the petition be dismissed. Specifically, he found that reference to the Rule of 78's as the method of rebate of finance charges in event of prepayment of the loan is sufficient disclosure to satisfy the Truth-in-Lending Act, 15 U.S.C. Sec. 1601 et seq.; and that the right of the lender to accelerate the unpaid balance of the indebtedness in event of default is not, under the facts of this case, a charge which must be disclosed on the face of the disclosure statement. The recommendations of the Special Master in those holdings are approved and adopted as the order of this Court and incorporated as part of this order.

Plaintiff objects to the Special Master's recommendations on the issue of acceleration as being contrary to the law of this District as well as other districts. In support he cites *Hall v. Sheraton Galleries, Inc.*, C.A. No. 19159 (N.

D.Ga. June 4, 1974); *Pollack v. Avco Financial Services, Inc.*, C.A. No. C74–248 (N.D.Ga.) (Special Master's recommendations not approved as order of this Court); *Johnson v. McCrackin-Sturman Ford, Inc.*, 381 F.Supp. 153 (W.D.Pa.1974); and *Garza v. Chicago Health Clubs*, 347 F.Supp. 955 (N.D. Ill.1972).

While at first blush *Garza* and *Johnson* seem to support plaintiff's position, they are not controlling because of the difference between Georgia law and the law of the state involved in those cases. As was ably pointed out by the Special Master, in Georgia no additional amount is to be paid by the debtor in the event of default and ensuing acceleration. The debtor's balance due is adjusted by any unearned Finance Charge or unearned credit life insurance premium and the debtor is charged only for the actual earned portions thereof. In addition as Judge Norton stated in his recommendations:

> Because, in Georgia [*see Garrett v. G. A. C. Finance Corp.*, 129 Ga.App. 96 [198 S.E.2d 717] (1973)], the rebate upon acceleration is required to be computed under the consent ratio method rather than the direct ratio or actuarial method, if the annual percentage rate were computed over the term of the loan to date of prepayment (less than the full term), the annual percentage rate would be lower than disclosed at the outset of the transaction, the effect being an "acceleration bonus" rather than any default "charge." (page 17)

In both *Garza* and *Johnson* the courts dealt with a situation where there would be no rebate of any interest. Thus, the interest to be paid upon acceleration that had not been earned could well be considered an additional charge. Since this is not the situation in Georgia, these cases are not applicable to the situation *sub judice*.

The *Pollack* case, also cited as authority for plaintiff's position, is not binding on this Court. The recommendations of

the Special Master were never reviewed, approved or adopted as the order of the Court.[1] The reasoning behind the recommendations, however, may be persuasive. To the extent that these recommendations are based on *Garza* and *Johnson* this Court does not feel that they present a true picture of the situation in light of Georiga law. Since this Court has found *Garza* and *Johnson* inapplicable to the case at hand, it cannot be persuaded by reasoning based upon these two decisions.

The Special Master's recommendations in *Hall* were adopted by the Court, and therefore, deserve careful consideration. This Court, however, feels that *Hall* is not controlling. It should be first noted that the decision in *Hall* was a progeny of *Garza,* and there was no attempt in *Hall* to distinguish the variations of fact and law in the two cases. Again, the philosophy of *Hall* cannot apply in this case where the Court has held *Garza* and *Johnson* inapplicable. Further, the recommendations of the Special Master in *Hall* were summarily approved by the Court only after it appeared that neither party desired to contest the Special Master's findings. Finally, in *Hall* and *Garza* there was a question of whether or not the collection of attorney's fees upon default was an additional charge when it did not appear on the face of the disclosure statement. That issue, in itself perhaps enough to create a violation of the Act, (it is not necessary to decide that question here) does not appear in the instant case. As previously stated, an acceleration of the loan by the creditor here would not obligate plaintiff to pay any additional charge that did not appear on the face of the disclosure sheet. Accordingly, this Court does not feel obligated to follow the reasoning of *Hall* in light of its reliance on *Garza* and

the difference between the facts and law of *Garza* and the case *sub judice.*

Since the recommendations of the Special Master, the question of whether or not an acceleration is a charge that must be disclosed under the provisions of 226.8(b)(4) has been considered by the Honorable Alexander A. Lawrence, Chief Judge, Southern District of Georgia. In *Grant v. Imperial Motors,* C.A. No. 3146 (S.D.Ga. Dec. 4, 1974), Judge Lawrence concluded that the right of acceleration is not a charge that needs to be disclosed. He concluded that *Garza* and its progenies are not valid precedent under Georgia law. This Court agrees with Judge Lawrence's analysis of the issue.

It is therefore ordered that the recommendations of the Special Master are adopted as the order of this Court insofar as they find no violation of the Truth-in-Lending Act under defendant's disclosure of the "Rule of 78's" and no violation in the failure to disclose the right of acceleration as a charge under 12 C.F.R. 226.8(b)(4). The Court does remand the case to the Special Master for further consideration as outlined in the Court's order of December 9, 1974.

It is so ordered this 18 day of December, 1974.

## SUPPLEMENTAL OPINION

This is an action under the federal Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* Plaintiff has alleged three specific violations of the Act; to wit: [1] the alleged inadequate reference of the Rule of 78's as the method of rebate of finance charges in event of prepayment of the loan, [2] the alleged failure to disclose the right to accelerate the unpaid balance in event of default as constituting a charge in violation of Regulation Z, 12 C.F.R. § 226.8(b)(4), and

1. On September 3, 1974, this Court remanded the case to Judge Drake for reconsideration in light of the decision in *Philbeck v. Timmers Chevrolet,* 499 F.2d 971 (5th Cir. 1974). Although *Philbeck* affected a different issue in *Pollack* than the one now before the Court, the Court did not rule on any of

the Special Master's recommendations. Subsequent to that order a stipulation of dismissal was entered in the case on September 5, 1974, and thus, the Special Master did not have to reconsider any of his recommendations.

[3] the failure to disclose the method of rebate in the event of acceleration of the loan in violation of Regulation Z, 12 C.F.R. § 226.8(b)(7).

In a previous order dated December 18, 1974, the Court considered the first two allegations and found no substance to them. The action was then resubmitted to a Special Master for consideration of the third allegation. The case is now before the Court on the Special Master's recommendations as to the third allegation.

It is noted, however, that since the Court's original order, Chief Judge Newell Edenfield of this District has considered the question contained in the second allegation. *Barrett et al. v. Vernie Jones Ford, Inc. et al.*, 395 F.Supp. 904 (N.D.Ga.1975).[1] Judge Edenfield held·that § 226.8(b)(4) requires a creditor to properly disclose an acceleration clause when, by its terms, it authorizes the creditor to demand immediate payment of future installments including unearned interest and finance charges upon default. Thus that order conflicts in many respects with this Court's previous ruling in this action. Since no final judgment has been entered here[2] the Court feels that it is prudent and wise to reconsider its previous ruling and clearly state what it now feels to be the correct rule on this issue.

Anticipating this reconsideration, counsel for both parties have supplied the Court with additional briefs on the acceleration issue. The Court notes, however, that reconsideration of the December 18th order is limited to the allegation that defendant violated § 226.-

8(b)(4) in failing to disclose the right of acceleration.

The Court finds that the factual situation is not in dispute. On or about June 6, 1973, plaintiff purchased a new automobile from Beaudry Ford, Inc.[3] and executed a conditional sales contract which was assigned by Beaudry Ford to defendant. This contract conformed with and was made pursuant to the Georgia Motor Vehicle Sales Finance Act, Ga.Code Ann. § 96–1001 *et seq.*, and had attached to it a disclosure statement pursuant to the Truth in Lending Act. The back of the disclosure statement contained the following clause:

> In the event of a default hereunder, all unpaid installments and indebtedness secured hereby may, at the option of Seller and without demand or notice of any kind, be declared and thereupon immediately shall become due and payable . . . .

In its previous order in this action, the Court rejected the reasoning of *Garza v. Chicago Health Clubs*, 347 F.Supp. 955 (N.D.Ill.1972) and its progenies that held that the right of acceleration is a charge that must be disclosed pursuant to § 226.8(b)(4). Then relying upon *Garrett v. G. A. C. Finance Corp.*, 129 Ga.App. 96, 198 S.E.2d 717 (1973), the Court held that in Georgia a creditor cannot accelerate a loan so as to create an additional charge upon the consumer. It is apparent that this is not an entirely accurate statement of the law of Georgia. But whatever the law is in this state, the Court now concludes that if acceleration does not create an additional charge, and if the creditor does not assert the right to accelerate

---

1. The Court also notes that Judge Henderson has considered the acceleration issue. *Barksdale v. Peoples Financial Corp.*, Civil Action No. C74, 971A, 393 F.Supp. 112 (N.D.Ga.1975). The Court is in agreement with the holding in that case that if the acceleration clause by its own terms provides for a rebate of all unearned interest and the note properly discloses the method of rebate upon prepayment, then no separate (b)(4) disclosure is necessarily required.

2. Under the provisions of Rule 54(b) an order that adjudicates fewer than all the claims or rights of the parties is subject to revision at any time before the entry of judgment adjudicating all the claims and rights of the parties.

3. Beaudry Ford was originally made a party defendant in this action, but the action was voluntarily dismissed as to Beaudry on July 3, 1974, by plaintiff.

the note as to create a potential additional charge through the acceleration of unearned interest, there is no violation of the Truth in Lending Act.

*Garza* treated "charges" under § 226.-8(b)(4) as an obligation or claim. The Act, while not defining charges, uses the word in many places, but it is always used in a context which indicates a meaning more analogous to added or additional costs, than to existing obligation, which indicates the word was intended to refer to additional costs above an existing obligation. Regulation Z likewise uses the word "charges" in numerous instances which would indicate that "charges" is intended to have ascribed to it a meaning of additional costs. In § 226.8(b)(4) reference is first made to the "amount or method of computing the amount," and then to "any default, delinquency or similar charges payable." The phrase "similar charges" would indicate sums in addition to the existing obligation of the borrower. Use of the phrase "the amount or method of computing the amount" would be unnecessary if the phrase "similar charges" were intended to apply to the original principal balance due or the accrued interest as of the date of acceleration since the amount would require no additional computation assuming such amounts have already been adequately disclosed. Also the term "similar charges," when following delinquency and default, is intended as applying to additional amounts which the obligor might be required to pay in the event of late payment. Neither the Act nor Regulation Z appears to have intended that the phrase "similar charges" as used in § 226.8(b)(4) includes a mere acceleration of the remaining unpaid principal balance and accrued interest of the original indebtedness.

The Court finds, though, that it is necessary to scrutinize more closely two aspects of the instant claim. The first is the exact nature of the Georgia law concerning the acceleration of unearned interest, and the second is the effect of defendant's claim that it can accelerate "all unpaid installments."

The assumption made by the Court in its previous ruling was that under Georgia law a creditor could not accelerate a loan so as to create an additional charge. Defendant argues that the Court's reliance upon *Garrett v. G. A. C. Finance Corp., supra,* was "unfortunate" in that *Garrett* construes the Georgia Industrial Loan Act, Ga.Code Ann. § 25–301 *et seq.,* and that the transaction before the Court was made pursuant to the Motor Vehicle Sales Finance Act, Ga.Code Ann. § 96–1001 *et seq.* Defendant's position now is that there is a relevant distinction as to the way the Georgia Courts construe acceleration clauses put into contracts made under each statute. While there is a distinction, the Court finds it unimportant in deciding the issue before the Court.

In construing an acceleration clause under the Industrial Loan Act the Georgia Court of Appeals stated in *Lewis v. Termplan, Inc.,* 124 Ga.App. 507, 509, 184 S.E.2d 473, 475 (1971):

> The [Industrial Loan Act] does not deal with the effect of acceleration clauses and, . . . there may be a valid exercise of acceleration provisions where only the principal balance is sought, but to attempt to accelerate the payment of that part of the installments including unearned interest, even without the attempt to charge additional interest thereon from the date of acceleration, obviously gives a higher interest return on the use of the money than is authorized under the statute, and therefore nullifies the entire transaction.

This decision was later expanded in *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96, 205 S.E.2d 110, *aff'd* 232 Ga. 637, 208 S.E.2d 454 (1974). In *Lawrimore,* the Court of Appeals held that where a creditor in an Industrial Loan Act loan asserts the right to accelerate unearned interest so that the note would become usurious, even if the creditor did

not try to enforce the acceleration of unearned interest, that the note was unenforceable.

Defendant cites the Court to *Cook v. First National Bank of Atlanta*, 130 Ga. App. 587, 203 S.E.2d 870 (1974), as an example of the different handling the Georgia Courts give to acceleration clauses in loans made pursuant to the Motor Vehicle Sales Finance Act. In *Cook* the Court found that if an acceleration of unearned interest causes a note to become usurious, then there is a violation of the usury provision of Ga.Code Ann. § 96–1004, and thus, under Ga. Code Ann. § 96–1008 the creditor is barred from recovering any finance charge, delinquency or collection charge on the contract.[4]

■ It appears, therefore, that the Georgia Courts in construing acceleration clauses in loan contracts under each of the two Georgia Acts do not invalidate acceleration clauses per se. Under each Act, the acceleration clause is bad only if it attempts to accelerate unearned interest, and the enforcement of the clause would cause the note to become usurious. The only significant difference between the Georgia cases is that if the void acceleration clause is put into a loan made under the Georgia Industrial Sales Act, the entire contract is void and the creditor cannot use it as a basis on which to state a claim for either the principal or the legal interest. However, under the Automobile Sales Finance Act, the creditor appears to be barred only from recovery of any finance, delinquency or collection charge.

■ Such distinctions are unimportant for this Court in determining the Truth-in-Lending issue before it. The Georgia cases only stand for the proposition that acceleration clauses are not per se unenforceable in Georgia and that the acceleration of unearned interest is invalid only if it were to make the obligation usurious.

■ Of far more importance to the Court is the assertion by defendant that it has the ability to accelerate "all unpaid installments." Each installment to be paid by plaintiff included a portion of the principal amount and a portion of the total interest and other charges to be paid by the plaintiff over the total length of the note. By forcing plaintiff to pay the total amount of interest over a shorter period than was originally anticipated, defendant would be receiving a higher return on his money and effectively increasing the annual percentage rate of interest which is paid by plaintiff. The Court finds this to be a violation of § 226.8(b)(4) whether or not the defendant can enforce this provision in the state courts of Georgia. The note contains an additional charge to the extent that acceleration effectively increases the true annual rate of interest of the note which had not been disclosed at the inception of the transaction.

This Court must construe acceleration clauses vis-a-vis the Truth-in-Lending Act, thus it must look at the agreement as of the date it was entered into. The purpose of the Act is not to usurp the

---

4. There is a third line of Georgia cases which apparently would be controlling in a situation where a loan is made that is not under the provisions of either the Industrial Loan Act or the Automobile Sales Finance Act. The Georgia Supreme Court set out the following rule in *McCrary v. Woodard*, 122 Ga. 793, 794, 50 S.E. 941 (1905):

The effect of the stipulation that all of the notes should fall due in the event one of them was not paid would prevent the plaintiff from recovering a sum greater than the amount loaned, and 8% interest thereon to the date of judgment; and, if judgment had been rendered before maturity of the last note, the defendant would have been entitled, under the facts set forth in his plea, to have the plaintiff's recovery of interest *reduced by whatever amount of interest each of the notes contained which had not been earned at the time the judgment was rendered.* (emphasis added)

State's historic function in determining what constitutes an enforceable agreement. It relates only to charges that the creditor claims the ability to make. As stated in the Act itself, its purpose is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various terms available to him and avoid the uninformed use of credit." 15 U.S. C. § 1601. In other words the purpose is to permit the consumer, with full knowledge of the costs involved, to make comparisons. *Burgess v. Charlottesville Savings and Loan Association,* 477 F.2d 40 (4th Cir. 1973).

In order to successfully compare credit terms, the consumer must be given notice as to each charge that the creditor asserts it can impose. If a creditor states that it can accelerate unearned interest, then certainly this is an added cost which the consumer should take into consideration in shopping for credit. However, the enforceability of a charge is a matter of state law to be determined at a later date by the state courts.

■ Thus, the effectuation of the Congressional purpose as set out in 15 U.S.C. § 1601 requires disclosure of all charges which the lender asserts a right to collect at the time credit is extended whether or not it is finally determined that he can utilize the enforcement mechanisms of the state courts to collect the charge. For instance, a loan agreement that on its face is usurious is not contrary to the Truth-in-Lending Act if all required disclosures have been made. A consumer could no more argue the invalidity of the contract under state law than defendant can argue the invalidity of acceleration of unearned interest in this case.

The Court finds no merit in defendant's argument that the number of baseless claims a hypothetical creditor might assert is infinite and cannot be disclosed. The Court's ruling is limited only to those charges which a particular creditor does assert in the note at the time that the transaction is consummated. If the creditor asserts an additional charge then that fact must be adequately disclosed on the face of the disclosure statement.[5]

In conclusion, since defendant has asserted the right to accelerate the note so as potentially to increase the annual rate of interest and thus to create a charge, the Court finds that defendant has violated § 226.8(b)(4) of Regulation Z and that plaintiff is entitled to judgment. In view of this finding it is not necessary to determine whether or not the disclosure statement also violated § 226.-8(b)(7) of Regulation Z.

Plaintiff's counsel is directed to file with the Court within ten days of the date of this order his claim for reasonable attorney's fees. This should be supported by affidavit or other appropriate documents. Defendant will be granted ten days from the date of such filing to respond to the reasonableness of the attorney's fees requested.

It is so ordered.

5. The Court notes that Judge Edenfield has reconsidered his order in *Barrett v. Vernie Jones Ford, Inc.,* #C74-1502A (N.D.Ga. order dated May 8, 1975). The Court concurs with the result and reasoning of Judge Edenfield's new ruling. The Court believes that *Barrett* and *McDaniel* now set out one standard pertaining to the disclosure of an acceleration clause. These rulings are also consistent with Judge Henderson's ruling in *Barksdale v. Peoples Financial Corp.,* #C74-971A, 393 F.Supp. 112 (N.D.Ga.1975).