John Mason **KESSLER**, Plaintiff,

v.

**ASSOCIATES FINANCIAL SERVICES COMPANY OF HAWAII, INC.,** a corporation, Defendant.

**Civ. No. 75–0162.**

United States District Court, D. Hawaii.

Dec. 18, 1975.

John Harris Paer, Linda-Mei Leong, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiff.

James M. Sattler, Sattler, Spradlin & Brandt, Honolulu, Hawaii, for defendant.

### MEMORANDUM OPINION AND ORDER ON MOTION TO RECONSIDER

WONG, District Judge.

In his original complaint, plaintiff alleged that defendant violated various sections of Truth-in-Lending Act, 15 U.S.C.A. § 1601 et seq., Regulation Z, 12 C.F.R. § 226.1 et seq. This Court obtained jurisdiction pursuant to Truth-in-Lending Act, 15 U.S.C.A. § 1640(e). Following a hearing on these assorted violations, this Court granted summary relief in favor of the defendant. Plaintiff moved for reconsideration solely on the issue of whether the lender's right to accelerate the balance of the loan

upon default of the borrower must be disclosed in the disclosure statement.

The facts in this case are quite simple. On May 29, 1975 plaintiff, the borrower, and defendant, the lender, entered into a loan agreement secured by an interest in an automobile. The promissory note contained a sentence stating that the lender had the option to accelerate the balance due upon default by the borrower.[1]

The disclosure statement, however, made no reference to this asserted right to accelerate the remaining balance upon default. This omission in the disclosure statement constitutes the gravamen of plaintiff's remaining cause of action. Plaintiff asserts that Regulation Z, 12 C.F.R. § 226.8(b)(4), promulgated by the Federal Reserve Board under the authority granted by § 105 of the Truth-in-Lending Act, establishes the requirement that the lender disclose the right to accelerate in the disclosure statement. Plaintiff contends that even though the right to acceleration is contained in the promissory note, nevertheless, it is still a violation of Regulation Z if reference to the right to acceleration is not included on the disclosure statement. *Pugh v. American Tractor Trailer Training, Inc.*, Civil No. 14,109 (D.C.Conn. filed April 10, 1974).

Upon reconsideration of this issue in this case and in light of the authority cited by plaintiff, this Court finds itself in substantial sympathy with the rights to disclosure that plaintiff asserts on behalf of himself and other credit consumers.

■ The policy behind the Truth-in-Lending Act is stated in § 102 of the Act:

It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit. . . .[2]

It does not require a stretch of the imagination to see that the lender's right to accelerate is a meaningful term of the credit transaction. The right to accelerate the unpaid balance upon default by the borrower is not a useless right to the lender nor is it of little practical consequence to the borrower. Rather, the right to such acceleration is of such importance that its existence or non-existence would certainly influence the borrower's selection of a loan arrangement. Since the purpose of the Act and disclosure statements is to provide an easy means of comparing credit terms, such a critical term as the right to accelerate the unpaid balance must be included on the disclosure statement. *Garza v. Chicago Health Clubs*, 347 F. Supp. 955 (N.D.Ill.1972); *Johnson v. McCrackin-Sturman Ford, Inc.*, 381 F. Supp. 153, 156 (W.D.Pa.1974); *Meyers v. Clearview Dodge Sales, Inc.*, 384 F. Supp. 722 (E.D.La.1974). Without the uniform disclosure of such a term, there can be no informed and meaningful comparison of credit terms.

This Court takes this view not only because disclosure of the right to acceleration seems consistent with the policy and purpose of the Act, but also because such a requirement is implicit in the language of Regulation Z, § 226.8(b)(4).

The clear majority of courts which have considered this issue have interpreted § 226.8(b)(4) to require disclosure of the right to accelerate the unpaid balance. *Garza v. Chicago Health Clubs*, 347 F.Supp. 955 (N.D.Ill.1972); *Johnson v. McCrackin-Sturman Ford,*

1. The right to accelerate the balance was expressed in the following manner: "Default in paying any installment shall, at the option of the holder hereof and without notice or demand, render the entire sum remaining unpaid at once due and payable." *See* Defendant's Motion for Summary Judgment, Exhibit C.

2. Truth-in-Lending Act, 15 U.S.C.A. § 1601.

*Inc.,* 381 F.Supp. 153 (W.D.Pa.1974); *Barrett v. Vernie Jones Ford, Inc.,* 395 F.Supp. 904 (N.D.Ga.1975); *McDaniel v. Fulton National Bank,* 395 F.Supp. 422 (N.D.Ga.1974).

## CIVIL LIABILITY SHOULD NOT BE APPLIED IN THIS CASE

Although this Court is convinced that the statutes, regulations, and case law now establish the requirement that the right to accelerate be disclosed for the reasons set out below, however, this Court does not feel that civil liability can be imposed against the lender in this particular case.

If the lender had failed to comply with a disclosure requirement explicitly laid out in Regulation Z, this Court would have no qualms about demanding strict compliance. But here the requirement that plaintiff seeks to enforce is one which arises implicitly from a particular interpretation of Regulation Z, § 226.8(b)(4).

Regulation Z, 12 C.F.R. § 226.8(b)(4), requires disclosure of:

> The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments.

The difficulty in ascertaining whether this language includes payments made upon the lender's exercise of the right to acceleration stems from the two different interpretations of the word "charges." If "charges" is to be read as referring to any payments made at all upon acceleration, *Garza v. Chicago Health Clubs,* 347 F.Supp. 955 (N.D.Ill. 1972), then, the right to acceleration, which would result in payments of the remaining balance by the borrower upon the exercise of the right to accelerate, must necessarily be disclosed. However, if the word "charges" is read to refer only to additional charges, then, arguably, there would be no additional charges if the unearned interest is rebated, as required under Hawaii law, Hawaii Rev.Stat. § 408–15.[3]

In other words, when a borrower defaults and the lender exercises the option to accelerate the unpaid balance, the original period over which the borrower had to repay the loan is shortened. Since the time in which the loan is outstanding is shortened, the actual percentage rate is much higher than the annual percentage rate as set forth and agreed to at the time the loan was made. The amount of interest collected upon acceleration which is in excess of the original amount of interest as set forth by the annual percentage rate is considered to be "unearned interest." If that amount of unearned interest is collected by the lender upon acceleration, it would constitute an additional charge, thus requiring disclosure under Regulation Z, 12 C.F.R. § 226.8(b)(4). However, under Hawaii law, except in situations involving de minimis amounts, the un-

---

3. Hawaii Rev.Stat. § 408–15 requires the lender to refund unearned interest except in certain situations involving *de minimis* amounts. The statute reads as follows:

> (f) Refunds; prepayment. On a contract which has been discounted or on which interest has been collected in advance, and which is then paid or refinanced or on which judgment is then obtained before maturity, the industrial loan company involved shall refund to the borrower on account of unearned discount or interest an amount computed, on that portion of the principal amount which has not yet matured, at the same rate of discount or interest as was charged at the time the contract was made, for the term of the contract remaining after the date of the payment or after the date of the judgment; provided, that no refund less than 25 cents need be made; and provided further, that checks issued to refund interest which are not presented for payment within three years from the date of issue may be declared canceled and the sum thereof retained as earnings of the licensee. Each company shall permit any borrower from it to pay partially or wholly any contract or installment on a contract before the due date, if the contract has been in effect for a period of at least three months. The company shall not be required to refund any portion of the unearned discount or interest which results in a minimum discount or interest retained on the contract of less than $15.

earned interest must be refunded to the borrower. Hence, in Hawaii the lender has no right to collect additional charges. If Hawaii law is so interpreted and if Regulation Z, 12 C.F.R. § 226.8(b)(4), is read to require "additional charges," then the right to accelerate need not be disclosed in disclosure statements executed in Hawaii.

Therefore, as the lender in this case claims it interpreted the regulation, if the word "charges" is interpreted to require disclosure only of additional charges, then disclosure is not required for lenders in Hawaii.

■ This Court does not agree with defendant's interpretation of Regulation Z, 12 C.F.R. § 226.8(b)(4). Rather this Court follows the interpretation as set forth in *Garza v. Chicago Health Clubs*, 347 F.Supp. 955 (N.D.Ill.1972), and *Meyers v. Clearview Dodge Sales, Inc.*, 384 F.Supp. 722 (E.D.La.1974), that "charges" refers to any pecuniary burden or payment assessed by the lender upon default.

■ However, although the lender incorrectly interpreted the regulation, this Court feels that the lender should not be exposed to the liability prescribed by the statute unless the lender was adequately informed by the statutes, regulations, case law and concomitant literature as to what must be disclosed. In a case such as this, where the disclosure requirement was not explicitly set forth in the regulations but, rather, had to be implied from a particular interpretation of Regulation Z and where this regulation had to be interpreted in light of state law, this Court feels that it is only fair to look to the reasonableness of the lender's conduct at the time the loan was made. Such reasonableness is to be determined by the lender's good faith compliance with the Act in terms of existing regulations, agency rulings and case law

at the time the credit transaction took place.[4]

If this were not the rule in cases where the disclosure requirement was not clearly set forth, lenders would extend loans at the peril that subsequent interpretations of imprecise regulations would expose them to liability. Furthermore, lenders would be put to the task of conjuring up the various requirements that a regulation may be interpreted to require and would be compelled to include on the disclosure statement all such possibly required disclosures. Thus, disclosure statements would differ from lender to lender, which would defeat the ease of comparing credit terms —the essential purpose of the Act. Moreover, if it were the rule that the lender was liable for all subsequent requirements that the courts read into imprecise Truth-in-Lending regulations, lenders, in order to protect themselves, would disclose all the terms contained on the promissory note. As a result, the disclosure statement and the note would become identical. Hence, another essential policy of the Truth-in-Lending Act —the disclosure for the purpose of easy reference of only certain critical terms and provisions of the loan—would be defeated by the confusing and obfuscating inclusion of every term and provision.

## THE LENDER'S CONDUCT WAS REASONABLE

The remaining issue is whether the lender's interpretation of Regulation Z, 12 C.F.R. § 226.8(b)(4), was a reasonable one at the time the loan was extended. Defendant claims to have interpreted Regulation Z, 12 C.F.R. § 226.8(b)(4), so as to include "additional" charges and, thus, because of Hawaii's law requiring unearned interest to be rebated, would have acted under the impression that disclosure of the right to accelerate was not required.

---

4. At least one court was concerned that the standard of strict liability may be too severe. In *Stefanski v. Mainway Budget Plan, Inc.*, 456 F.2d 211 (5th Cir. 1972), the Court, in dictum advised the lower court that a standard of substantial compliance may be appropriate in certain Truth-in-Lending cases.

Plaintiff cites one case, *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955 (N.D.Ill.1972), available to the defendant at the time the loan was made, which held that the right to accelerate must be disclosed. *Garza* treated the word "charges" to mean "a pecuniary burden or expense," [citing *Sunderland v. Day*, 12 Ill.2d 50, 145 N.E.2d 39, 40 (1957)] and " 'expenses which have been incurred, or disbursements made, in connection with a contract. . . .' " [citing *Weiner v. Swales*, 217 Md. 123, 141 A.2d 749, 750 (1958)].[5] However, it is not clear that the court in *Garza*, supra, dealt with the possibility of an alternative interpretation of the word "charges." Moreover, *Garza* was not controlling on cases in this district and that court was not faced with interpreting § 226.8(b)(4) in light of a state statute that compelled refunding the unearned interest.

The court in the later case of *Meyers v. Clearview Dodge Sales, Inc.*, 384 F. Supp. 722 (E.D.La.1974), was faced with a state statute very similar to the Hawaii statute on unearned interest. The court there held that even though Louisiana law provides for rebate of interest in the event of acceleration, nevertheless, the right to accelerate must be disclosed. The court agreed with the Garza decision in interpreting "charge" to mean "any pecuniary burden, expense or obligation." *Meyers v. Clearview Dodge Sales, Inc.*, 384 F.Supp. 722, 727 (E.D.La.1974). However, since in the instant case the loan was on May 29, 1974, prior to the October 31, 1974 issuance of the opinion in *Meyers*, this Court cannot hold the defendants to knowledge of the *Meyers* decision.

Thus, *Garza* was the only case to which the defendants could have looked to for guidance in interpreting § 226.-8(b)(4) on this point. This Court does not feel that *Garza* effectively established the requirement that the right to accelerate be disclosed. This Court finds that the defendant's interpretation of Regulation Z, § 226.8(b)(4), in light of Hawaii law requiring the refund of unearned interest was a reasonable interpretation at the time the loan was made. Of course, the recent history of Regulation Z, 12 C.F.R. § 226.8(b)(4), in the courts have proved the defendant's interpretation wrong. It is now the well-considered and overwhelming opinion of many courts that the right to accelerate must be disclosed even in states where unearned interest must be refunded. *Meyers v. Clearview Dodge Sales, Inc.*, 384 F.Supp. 722 (E.D.La. 1974); *Barrett v. Vernie Jones Ford, Inc.*, 395 F.Supp. 904 (N.D.Ga.1975), and *McDaniel v. Fulton National Bank*, 395 F.Supp. 422 (N.D.Ga.1975).[6]

For these reasons, this Court feels that in cases alleging the failure to disclose the right to accelerate, liability against lending institutions in the District of Hawaii can only be imposed prospectively from the date of the entry of this opinion. Moreover, since the right to accelerate is limited under Hawaii law in regards to unearned interest, this Court feels that the lender must also apprise the borrower by means of notice on the disclosure statement of the borrower's right to have all unearned inter-

---

5. *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955, 959 (N.D.Ill.1972).

6. *Barrett v. Vernie Jones Ford, Inc.*, 395 F. Supp. 904 (N.D.Ga.1975) and *McDaniel v. Fulton National Bank*, 395 F.Supp. 422 (N. D.Ga.1975) dealt critically and laboriously with the question of interpreting Regulation Z, 12 C.F.R. § 226.8(b)(4), in light of the Georgia statute requiring the rebating of unearned interest. The courts in both instances eventually held that the right to accelerate must be disclosed and subsequently this has been the rule in the Northern District of Georgia. See *Morris v. First National Bank*, Civil No. 74–1494A (N.D.Ga. filed Nov. 7, 1975). These cases all appeared subsequent to the date the loan was extended to Mr. Kessler in the instant case and, as a result, they have no bearing on the reasonableness of the defendant's interpretation of Regulation Z, 12 C.F.R. § 266.-8(b)(4), at the time the loan was made.

est rebated in accordance with Hawaii law. See Hawaii Rev.Stat. § 408–15.

It is hereby ordered that judgment for the defendant, consistent with the opinion expressed above, shall be entered accordingly.