### 47911. GARRETT v. G. A. C. FINANCE CORPORATION.

BELL, Chief Judge. Plaintiff, a licensee under the Industrial Loan Act (Code Ann. § 25-301 et seq.) brought suit on an installment note for balance due in the amount of $722.75 principal plus attorney fees. The note provided for 18 monthly installment payments of $46 per month for a total of $828. In the ninth month of the contract the plaintiff, in accordance with provisions of the note, accelerated the entire unpaid balance because of defendants' default in making payments due. The evidence at trial revealed that at the time of acceleration there was a balance due of $748.90 plus $6.40 late charges, for a total of $755.30; that defendants were refunded $32.75 as unearned interest, which left a balance of $722.75. The note reflects that the interest charged was $99.36, which was discounted in advance and was included in the principal amount. The evidence also shows that the defendants purchased level term credit life insurance on the note. *Held:*

1. The claim that the note was void because it contained an unauthorized charge for level term credit life insurance is controlled adversely to the defendants by *Mason v. Service Loan &c. Co.,* 128 Ga. App. 828.

2. The enumeration that the plaintiff violated the 8 percent interest ceiling of the Industrial Loan Act causing the note to become usurious and void has merit. Plaintiff's loan manager testified that the interest refund of $32.75 was computed according to the "Rule of 78s," or the sum-of-the-digits method. Code Ann. § 25-317 permits a refund of prepaid interest computed by the Rule of 78s in cases where the *borrower pays the time balance in full before maturity.* Application of this rule where a loan has been prepaid permits a refund of only a portion of the prepaid unearned interest. But here we do not have a case of prepayment and the Rule of 78s cannot be used to compute the interest refund. The acceleration was made at the half-way point in the contract but less than the 50 percent (approximately $49) of the total interest charged was refunded. Nothing less than a

refund of all unearned interest where the creditor accelerates can be permitted under the Act. It is obvious, therefore, that the permissible interest charge of 8 percent per annum under the Industrial Loan Act was exceeded and therefore the note is usurious. The obligation as thus accelerated is void and unenforceable. Code Ann. § 25-9903. *Lewis v. Termplan, Inc.,* 124 Ga. App. 507 (184 SE2d 473); *Roberts v. Allied Finance Co.,* 129 Ga. App. 10. The trial court erred in granting judgment to the plaintiff.

*Judgment reversed. Deen and Quillian, JJ., concur.*

ARGUED FEBRUARY 6, 1973 — DECIDED APRIL 20, 1973 — REHEARING DENIED MAY 15, 1973 — 

*David A. Webster,* for appellant.
*Lucian Lamar Sneed,* for appellee.