*Scheer & Elsner, Robert A. Elsner,* for appellee.

## 58879. POLLARD v. CONGRESS FINANCE CORPORATION.

CARLEY, Judge.

Having defaulted on his loan payments due pursuant to a note executed by him in favor of appellee under the Georgia Industrial Loan Act (Code Ann. Ch. 25-3), appellant now appeals from a judgment awarding appellee the balance due under the note. He asserts that the note contained an acceleration clause which provided for excessive charges in violation of the Act, causing the loan to be usurious and, therefore, null and void. The clause in question states that "[d]efault in the payment of any installment, in whole or in part . . . will render the entire balance of this Note, *less credit for unearned charges,* payable forthwith . . ." (Emphasis supplied.)

Appellant contends, however, that the note defined

the phrase "unearned charges" in the clause labeled "Refund for Prepayment In Full," as follows: "Upon prepayment in full, Borrower shall receive a refund of the unearned portion of the interest, based upon the Rule of 78's . . .;" and that a rebate of unearned charges upon acceleration in accordance with the Rule of 78's would permit appellee to retain too much interest, because the rebate upon acceleration must be a pro rata refund of *all* unearned interest. See *Lawrimore v. Sun Finance Co.,* 131 Ga. App. 96 (205 SE2d 110) (1974); *G. A. C. Finance Corp. v. Hardy,* 232 Ga. 632 (208 SE2d 453) (1974).

The fallacy of this argument is that prepayment of the note and acceleration of maturity upon default of an installment payment are entirely separate and distinct occurrences, neither of which is in any way related to the other. Computation of refunds of unearned interest according to the Rule of 78's where the borrower pays the time balance in full before maturity is permitted under Code Ann. § 25-317. *Garrett v. G. A. C. Finance Corp.,* 129 Ga. App. 96 (2) (198 SE2d 717) (1973). The prepayment clause here merely expresses the statutory law. While the language of the acceleration clause allowing credit for "unearned *charges*" is ambiguous in that it does not specify the method of computation of "unearned charges," it may fairly be construed to require compliance with the requisite pro rata refund of interest as well as any other insurance or service fee included in the time payments. "In order to construe [both clauses together] as an attempt to accelerate unearned interest we would have to infer the appellee's intent to circumvent the [Georgia Industrial Loan] Act. 'An intention contrary to the law should not be read into a contract by placing such a construction upon a provision therein, when the provision is just as susceptible of a construction that will show a lawful intention.' [Cit.]" *Bragg v. Household Finance Corp.,* 140 Ga. App. 75, 78 (2) (230 SE2d 55) (1976). We, therefore, decline to transpose the terms of the contract from the prepayment clause to the acceleration clause so as to effectuate a violation of the Act.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED JANUARY 23, 1980 —
REHEARING DENIED FEBRUARY 8, 1980 — 

*Willie Abrams, Steven Gottlieb,* for appellant.
*William L. Slaughter,* for appellee.