## 40646. VARNER v. CENTURY FINANCE CORPORATION, INC.
### (315 SE2d 178)

SMITH, Justice.

This case involves the following certified question from the United States Court of Appeals, Eleventh Circuit. "Does the Georgia Industrial Loan Act authorize a lender to use the Rule of 78's method of rebating prepaid interest in connection with a refinancing of a loan before maturity? Does the Act instead require lenders to compute such rebates on a *pro rata* basis?" Varner v. Century Finance Co., 720 F2d 1228 (11th Cir. 1983).

We are called upon by the federal court in this case to construe OCGA § 7-3-1 et seq., the Georgia Industrial Loan Act (the Act). The purpose of the Act is to regulate the business of making loans of $3,000 or less where the lender is otherwise not subject to regulation. Persons subject to the Act's control are required to obtain a license, OCGA § 7-3-8, and Century Finance Company is such a licensee.

In 1977, Century made a loan to Garrett Varner. In 1979 Varner refinanced this loan through Century Finance. Upon refinancing, Century rebated unearned interest on the 1977 loan to Varner according to the Rule of 78's. Varner filed suit in federal court, alleging a violation of the Truth-in-Lending-Act, 15 USC § 1601 et seq., in that Century had failed to disclose certain costs of financing the loan. Century counterclaimed, alleging that Varner had defaulted and thereupon accelerated the balance and demanded payment in full. Century moved for summary judgment and Varner in his response contended that the 1979 loan was void because the unearned interest on the 1977 loan was rebated according to the Rule of 78's, resulting in excess interest charges to him. The U. S. District Court found that Century Finance had violated the Act in using the Rule of 78's to rebate unearned interest, based on Ford v. Termplan, Inc. of Ga., 528 FSupp. 1016 (N.D.Ga. 1981), and ordered a rebate to Varner using the pro rata method. Varner v. Century Finance, No. 80-494 A (N.D.Ga., filed Sept. 22, 1981). Century appealed, Varner cross-appealed, and this

certified question followed thereafter.

OCGA § 7-3-17 provides that when the borrower prepays all or any part of his unpaid balance, a refund of unearned interest shall be made according to the Rule of 78's.[1] *Pollard v. Congress Finance Corp.*, 153 Ga. App. 357 (265 SE2d 296) (1980). Neither the legislature nor the appellate courts of this state have prohibited use of the Rule of 78's in refinancings.[2] It is true, as Varner contends, that a borrower who defaults and then pays off the principal due on his loan is entitled to a proportionately greater refund of interest than one who prepays and is refunded interest according to the Rule of 78's. See *Garrett v. G.A.C. Finance Corp.*, 129 Ga. App. 96 (198 SE2d 717) (1973) (pro rata method to be used in default and acceleration case). It is equally true that it is to the benefit of the borrower to have his refund figured by the pro rata method over the Rule of 78's in a refinancing. Despite the potential benefits to borrowers, however, there is nothing inherent in the Rule of 78's that contravenes our public policy or established law. The legislature clearly could act to regulate use of the Rule of 78's in refinancings, but it has not. Nor is the question before us whether use of the Rule of 78's in this case results in a violation of our laws prohibiting usury, and we do not decide that issue. Instead, we are asked merely whether the Industrial Loan Act

---

[1] The rule of 78's is not named or defined arithmetically in this section, but is described in prose as, "at least as great a proportion of the total interest as the sum of the periodical time balance after the date of prepayment bears to the sum of all periodical time balances under the schedule of payments in the original contract." In practice the rule is applied as follows. Assume a loan to be repaid in equal monthly installments over the course of one year, i.e., twelve payments. In a typical "add on" type loan made by an Industrial Loan Act licensee, interest and principal are added together and divided by the number of monthly payments to compute the amount to be paid monthly. If the borrower prepays the full amount of the principal at, for example, month six, he is entitled to a refund of the interest initially charged and figured into the loan amount on the remaining six months. To compute the refund according to the rule of 78's, each month is numbered in serial order. The sum of these numbers $(1 + 2 + 3 + 4 + \ldots + 12)$ equals 78 for a loan with a one-year term. This number, the sum of the digits assigned to each month of the life of the loan, becomes the denominator in a fraction where the numerator is the sum of the digits of the remaining months as of the date of prepayment. If, as assumed here, prepayment is made at the end of six months, $1 + 2 + 3 + 4 + 5 + 6 = 21$, and the borrower is entitled to a refund of 21/78 or 26.9% of total interest charges.

In cases where the borrower does not prepay but instead defaults and the unpaid principal is accelerated, interest refunds are to be determined by the pro rata method. In the above example, the borrower would be refunded 50% of the interest originally charged if he defaulted and the principal was accelerated with six months remaining on a twelve-month loan contract. *Garrett v. G.A.C. Finance Corp.*, 129 Ga. App. 96 (198 SE2d 717) (1973). This ruling has been codified at OCGA § 7-4-2 (b) (1) (Ga. L. 1983, p. 1146, § 1, effective March 31, 1983), to the extent that interest on the loan has been calculated by the add-on method.

[2] In the majority of states where the legislature has acted, lenders are authorized to use the Rule of 78's to figure rebates of interest after refinancings. See, e.g., Ill. Ann. Stat. ch. 17, § 5613(c)1.(Smith-Hurd); N.Y. Banking Law, § 352(d) (McKinney); and Tenn. Code Ann. § 45-5-402.

authorized a lender to compute the interest rebate in a refinancing by the Rule of 78's. The answer to this question is that the Industrial Loan Act authorizes the lender to use the Rule of 78's to compute interest rebates in refinancing cases and the Act does not require lenders to compute such rebates on a pro rata basis.

*All the Justices concur, except Hill, C. J., and Weltner, J., who dissent.*

DECIDED APRIL 4, 1984 — REHEARINGS DENIED MAY 30, 1984.

*Ralph S. Goldberg, Paul E. Kauffmann, Joseph H. King, Jr.,* for appellant.

*Lewis N. Jones, Richard V. Karlberg, Jr.,* for appellee.

*Charles M. Baird, W. Rhett Tanner, Donald A. Loft, Morton P. Levine, Burgess W. Stone,* amici curiae.

HILL, Chief Justice, dissenting.

The majority correctly decides that OCGA § 7-3-17, applicable to prepayment, is not applicable to refinancing. Otherwise, the majority could simply cite OCGA § 7-3-17, which allows use of the Rule of 78's, and that would be the end of the matter.

Instead, the majority makes several observations regarding the Rule of 78's, and the benefits to the borrower by use of the pro rata method of refunding unearned interest as opposed to use of the Rule of 78's. After these observations, the majority suddenly concludes that the ILA authorizes the lender to use the Rule of 78's to compute interest rebates when refinancing. No authority for this conclusion is cited.

The lenders urge that OCGA § 7-3-17, supra, applicable to prepayment, is applicable to refinancing because when a loan is refinanced the lender marks the original loan "paid" and a new loan is made by the lender. The majority is correct in not adopting this argument because the original loan is not in fact paid by refinancing, as every lender and debtor who refinance know. The original unpaid debt (plus another one) is still owed. Only the evidence of the original debt is changed. A loan is prepaid only when the debtor's obligation to the lender is discharged and satisfied prior to the due date. Refinancing clearly does not discharge or satisfy the debtor's obligation to the lender, and hence refinancing is not prepayment.

Deductions of unearned interest upon prepayment may be calculated by the Rule of 78's because the act says they may. OCGA § 7-3-17. The act does not authorize use of the Rule of 78's upon refinancing, a transaction which is distinct from prepayment as the majority silently acknowledges. The teaching of *Garrett v. G.A.C. Finance*

*Corp.*, 129 Ga. App. 96 (198 SE2d 717) (1973), cited by the majority, is that the Rule of 78's may only be used where the act expressly authorizes its use.

My disagreement with the majority is that, in answering the certified questions, the majority states that there is nothing inherent in the Rule of 78's that contravenes our established law, and then the majority excludes the question of whether the use of the Rule of 78's results in a violation of our laws prohibiting usury. In my view we should not approve the use of the Rule of 78's in refinancing where the result is a violation of our usury laws. Instead, we should consider the intent of the General Assembly to prohibit usury as an aid in our interpretation and find that the General Assembly did not intend to allow use of the Rule of 78's in refinancing. I therefore would answer the first certified question in the negative.

The majority has said, as I read the opinion, that the act authorizes the lender to use the Rule of 78's to compute interest rebates in refinancing, but the majority does not decide whether use of that Rule results in a violation of our laws prohibiting usury. I would not leave this issue undecided, and I therefore must dissent.

I am authorized to state that Justice Weltner joins in this dissent.